1
2
3
4
5
6
7
8
9
10
11

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| ROSITA H. SMITH, individually and on behalf of all similarly situated Washington State Residents, <br><br> Plaintiff, <br><br> v. <br><br> LEGAL HELPERS DEBT RESOLUTION, LLC, a Nevada limited liability company; JEM GROUP, INC., a Nevada corporation; MARSHALL BANKS, LLC, a California company; and JOHN AND JANE DOES 1-20, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CLASS ACTION

NO.

CLASS ACTION COMPLAINT

**JURY DEMAND**

## I. __INTRODUCTION__

1.      Many Washington residents are struggling to manage their unsecured credit card debts due to economic forces beyond their control.

CLASS ACTION COMPLAINT:  1

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

2.    Such consumer indebtedness has given explosive rise to for-profit "debt relief" companies that market debt relief programs to indebted consumers through television, radio, the Internet, junk mail, and unsolicited phone calls, typically promising consumers resolution of their credit card debts for pennies on the dollar.

3.    The for-profit character of such companies carries substantial risks that their debt relief programs will exacerbate, rather than lessen, the consumer's financial troubles.

4.    Unfair and deceptive business practices endemic to "for-profit" debt relief companies have caused Washington state, sister states, and most recently the Federal Trade Commission, to adopt statutes or regulations protecting consumers from unfair and deceptive practices historically associated with "for-profit" debt relief companies.

5.    Principal among the evils these consumer protection laws seek to prevent are predatorily high fees and exorbitant "upfront" fees.

6.    These consumer protections have recently spawned business conspiracies aimed at evading these consumer protection laws, and in particular, the limitations on fees.

7.    Among the most recent conspiracies are efforts to sustain a pretense that the debt relief programs are being performed by an attorney solely incidental to his practice of law and designs that fragment among various for-profit companies services necessary to carry out the debt relief program, such that each for-profit company may colorably disavow being engaged in debt relief.

8.    This Class Action is brought, on behalf of Washington consumers, against some of the principal parties involved in such ongoing conspiratorial schemes to commit unfair and

CLASS ACTION COMPLAINT: 2

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

1  deceptive business practices and to evade state and federal consumer protections aimed at

2  preventing such practices.

3      9.     Defendants are engaged in a coordinated scheme to enrich themselves at the expense

4  of indebted Washington consumers through violation of Washington's Debt Adjusting statute,

5  chapter 18.28 RCW, Washington's Consumer Protection Act, chapter 19.86 RCW, and/or through

6

7  aiding and abetting one another in such violations.

8      10.    Named Plaintiff and proposed Class Representative Rosita H. Smith, therefore,

9  brings this action on behalf of herself and on behalf of a Class of similarly situated Washington

10  residents for purposes of enjoining Defendants' wrongful business practices and for purposes of

11  securing recovery for injury suffered.

12                          **II.  PARTIES**

13

14      11.    **Plaintiff Rosita H. Smith:**  Plaintiff Rosita H. Smith is domiciled in the state of

15  Washington and a resident of Grays Harbor County.  Rosita Smith is typical of many Washington

16  consumers and families who are currently financially struggling and who responded to Defendants'

17  solicitations regarding debt settlement services.

18      12.    **Defendant Legal Helpers Debt Resolution, LLC**:  Defendant Legal Helpers Debt

19  Resolution, LLC ("LHDR") is Nevada limited liability company and Illinois law firm having its

20  principal offices in Chicago, Illinois.  LHDR does business throughout the United States, including

21

22  the state of Washington.  LHDR first registered to do business in the state of Washington on July

23  16, 2010.  LHDR purportedly maintains an office at 600 Stewart Street, #1224, Seattle, Washington

24  98101.  LHDR does business under various trade names, including Macey Aleman Hyslip &

25  Searns.  LHDR is in the business of lending its name to multiple front-end and back-end for-profit

26

CLASS ACTION COMPLAINT: 3

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

debt relief companies to create a fiction that the subject debt relief services are being preformed by attorneys, thereby ostensibly evading consumer protections applicable to such debt relief activities, including fee limitations.  Among others, LHDR lends its name as a law firm to Defendants Marshall Banks, LLC (d/b/a Kazlow and Tucker Debt Relief), and JEM Group.

13.    **Defendant JEM Group, Inc.:** Defendant JEM Group, Inc. ("JEM") is a Nevada corporation having its principal offices in Irvine, California.  JEM Group does business throughout the United States, including the State of Washington.  JEM is not, and has never been, registered to do business in the state of Washington.  JEM is primarily a "back-end" debt relief company.  It implements, manages, and maintains the debt relief programs marketed by and purportedly performed by "front-end" affiliate debt settlement companies, affiliate "lead generators," and LHDR.

14.    **Defendant Marshall Banks, LLC:** Defendant Marshall Banks, LLC (hereinafter "Marshall Banks") is a California company having its principal offices in Irvine, California.  Marshall Banks does business under the name Kazlow and Tucker Debt Relief, LLC.  "Kazlow and Tucker Debt Relief, LLC" is a fictitious entity that is not registered to do business in any state.  Marshall Banks does business throughout the United States, including the State of Washington.  Marshall Banks is not and has never been registered to do business in the state of Washington.  Marshall Banks is principally engaged as a "front-end" debt relief company that markets its debt relief program to consumers, including Washington residents.  Marshall Banks is also engaged in the business of "lead generation" for other debt relief companies, including but not limited to JEM and LHDR.

CLASS ACTION COMPLAINT: 4

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

15.   **Unnamed Defendants John Does and Jane Does 1 through 5:**  John Does and Jane Does 1-5 are individuals who exercised close control, direction, and management of LHDR and/or who participated in and approved the conduct of LHDR described in this Complaint.  The true names, identities, and capacities of Does 1 through 5 are presently unknown to Plaintiff, but are the subject of investigation and discovery anticipated in this action.

16.   **Unnamed Defendants John Does and Jane Does 6 through 10:**  John Does and Jane Does 6-10 are individuals who exercised close control, direction, and management of Marshall Banks and/or who participated in and approved the conduct of Marshall Banks described in this Complaint.  The true names, identities, and capacities of Does 6 through 10 are presently unknown to Plaintiff, but are the subject of investigation and discovery anticipated in this action.

17.   **Unnamed Defendants John Does and Jane Does 11 through 15:**  John Does and Jane Does 11-15 are individuals who exercised close control, direction, and management of JEM and/or who participated in and approved the conduct of JEM described in this Complaint.  The true names, identities, and capacities of Does 11 through 15 are presently unknown to Plaintiff, but are the subject of investigation and discovery anticipated in this action.

18.   **Unnamed Defendants John Does and Jane Does 16 through 20**:  Unnamed Defendants John Does and Jane Does 16-20 are additional persons, corporations, partnerships, companies, predecessors in interest, successors in interest, and/or other entities who have acted in concert with, in partnership with, or as agents of named Defendants.  The true names, identities, and capacities of Does 16 through 20 are presently unknown to Plaintiff, but are the subject of investigation and discovery anticipated in this action.

CLASS ACTION COMPLAINT:  5

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W  SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

1

## III.  JURISDICTION AND VENUE

2

19.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §

3

1332(d)(2). Based on information and belief, the matter in controversy exceeds the sum or value of

4

$5,000,000, exclusive of interest and costs, and is a class action composed of more than 100

5

6

members and in which at least one member of the Class is a citizen of a state different from that of

7

the Defendants.

8

20.     Defendants have engaged in conduct violating chapter 19.86 RCW, which conduct

9

has an impact in Washington, giving rise to personal jurisdiction over each Defendant pursuant to

10

RCW 19.86.160.

11

21.     Defendants regularly engage in business in Washington and directed at residents of

12

Washington and have otherwise availed themselves of the Washington marketplace and secured the

13

benefits of that marketplace.  Such conduct included, among other things, holding themselves out as

14

debt relief companies providing debt relief services to Washington residents, directing business

15

16

solicitations into the state of Washington, directed at indebted Washington residents, seeking

17

participation in Defendants' debt relief programs; contracting in Washington with Washington

18

residents for various services, including debt relief services, offering to perform and/or performing

19

activities for Washington residents including debt relief functions, and/or contracting for legal

20

services or performing legal services for Washington residents.

21

22.     Venue is proper pursuant to 28 USC § 1391(b)(2) in that the events that gave rise to

22

23

claims occurred in substantial part in this federal district.

24

25

26

CLASS ACTION COMPLAINT:  6

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

1

## IV.  FACTS

2

### A.    Marshall Banks.

3

23.    On March 1, 2010, Marshall Banks, representing itself as "Kazlow and Tucker Debt

4

Relief, LLC," transmitted to Rosita Smith in Washington its standardized "Debt Settlement

5

Agreement" and associated documentation, soliciting her participation in a debt reduction program

6

through execution and return of those documents.  Based on information and belief, Marshall Banks

7

has solicited numerous Washington residents through transmission of its standardized "Debt

8

Settlement Agreement."

9

24.    Based on information and belief, Kazlow and Tucker Debt Relief, LLC is a fictional

10

entity not registered or licensed to conduct business in any state and is a doing-business name of

11

Marshall Banks.

12

25.    Marshall Banks' standardized "Debt Settlement Agreement" is a contract providing

13

for the managing, counseling, settling, prorating, or liquidating of the indebtedness of a debtor and

14

involving a designated third-party custodian's receipt of debtor's funds for the purpose of

15

distributing said funds among creditors in partial payment of obligations of that debtor.

16

26.    On March 31, 2010, Rosita Smith signed and returned Marshall Banks' standardized

17

"Debt Settlement Agreement" for participation in Marshall Banks' debt settlement program.  Based

18

on information and belief, numerous Washington residents have signed and returned Marshall

19

Banks' standardized "Debt Settlement Agreement."

20

27.    Marshall Banks' standardized "Debt Settlement Agreement," in accordance with its

21

standardized fee schedule and in violation of RCW 18.28.080, provided for fees exceeding fifteen

22

23

24

25

26

CLASS ACTION COMPLAINT:  7

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

1  percent (15%) of the total debt listed on the contract, including a 17% "service fee," a $49 monthly

2  "maintenance fee," and a periodic $12.20 "trust fee."

3       28.    Marshall Banks' standardized "Debt Settlement Agreement," in accordance with its

4  standardized fee schedule, and in violation of RCW 18.28.080, provided for fees exceeding fifteen

5  percent (15%) of any one payment to be made.

6

7       29.    Marshall Banks' standardized "Debt Settlement Agreement," in accordance with its

8  standardized fee schedule, and in violation of RCW 18.28.080, provided for initial charges

9  exceeding twenty-five dollars ($25.00).

10       30.    Marshall Banks' standardized "Debt Settlement Agreement" with Rosita Smith and

11  all other Class members was void *ab initio* pursuant to RCW 18.28.090.

12       31.    Marshall Banks' contracting with each Class member, including Rosita Smith,

13  constituted a criminal business act pursuant to RCW 18.28.190.

14

15       32.    Marshall Banks' contracting with each Class member, including Rosita Smith,

16  constituted a *per se* unfair and deceptive business act under chapter 19.86 RCW pursuant to RCW

17  18.28.185.

18       33.    Marshall Banks' standardized Debt Settlement Agreement unconscionably, unfairly,

19  and deceptively purported to compel Class members, including Rosita Smith, to pursue any

20  resulting claims in Orange County, California.

21

22       34.    Marshall Banks' standardized Debt Settlement Agreement unconscionably, unfairly,

23  and deceptively purported to overthrow Washington's substantive consumer protection laws by

24  declaring that Washington consumers' claims shall be governed by the laws of the State of

25  California and without regard for otherwise applicable conflict of laws provisions.

26

CLASS ACTION COMPLAINT: 8

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

35.    Marshall Banks' standardized Debt Settlement Agreement unconscionably, unfairly, and deceptively purported to limit Marshall Banks' liabilities, including its liability for exemplary damages, as is provided for in chapter 19.86 RCW.

36.    At the time of Marshall Banks' marketing and promotion of its debt relief program to Class members, including Rosita Smith, Marshall Banks had no intention of performing debt relief services for Washington residents who contracted for their services.  Marshall Banks did not advise Class members, including Rosita Smith, of this material fact.

37.    At the time of Marshall Banks' marketing and promotion of debt relief programs to Class members, including Rosita Smith, Marshall Banks had no capacity to perform debt relief services for Washington residents who contracted for their services.  Marshall Banks did not advise Class members, including Rosita Smith, of this material fact.

38.    At the time of Marshall Banks' marketing and promotion of its debt relief program to Class members, including Rosita Smith, Marshall Banks was soliciting clients for LHDR. Marshall Banks did not advise Class members, including Rosita Smith, that its solicitations were on behalf of a law firm, LHDR.

39.    The debt relief program marketed and promoted to Washington residents by Marshall Banks is a façade masking an unlawful conspiratorial business enterprise involving agreement between named Defendants.

40.    Functionally, Marshall Banks, like numerous other "front-end" for-profit debt relief companies with whom LHDR has associated itself, falsely and deceptively holds itself out as a business engaged in performing debt relief services for consumers.  In fact, Marshall Banks and

CLASS ACTION COMPLAINT: 9

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

1  other "front-end" for profit debt relief companies with whom LHDR has associated itself are "lead

2  generators" acting on behalf of LHDR and JEM.

3      41.     Marshall Banks' standardized Debt Settlement Agreement, in this regard,

4  inconspicuously provides that Marshall Banks may assign the services to be provided under the

5  agreement to any third party of Marshall Banks' choosing.

6

7      42.     Pursuant to Defendants' unified business scheme and agreement, LHDR functionally

8  steps into the shoes of Marshall Banks for the purposes of creating a false appearance that the debt

9  relief services are being performed by an attorney solely incidental to his practice of law.  LHDR

10  has no capacity to perform those debt relief services.  Pursuant to Defendants' unified business

11  scheme and agreement, JEM steps into the same shoes for the purpose of performing whatever

12  consumer-related activities may became necessary to maintain consumers' participation in the

13  subject debt relief program or carry out activities under that debt relief program.

14

15  **B.    Legal Helpers Debt Relief.**

16      43.     LHDR holds itself out to Washington consumers as a "nationwide" law firm.

17      44.     LHDR, in fact, is principally in the business of associating itself with debt relief

18  programs marketed by numerous for-profit debt relief companies and/or debt relief lead generators,

19  including the debt relief programs of Marshall Banks and JEM.

20

21      45.     In essence, LHDR lends its name to the debt relief activities of such companies for

22  the purpose of creating a false pretense that the debt relief activities are being performed by an

23  attorney solely incidental to that attorney's practice of law, thereby ostensibly exempting the debt

24  relief programs from state and federal consumer protections, including prohibitions against

25  predatory fees, such as those contained in RCW 18.28.080.

26

CLASS ACTION COMPLAINT:  10

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

1   46.    In furtherance of Defendants' common business enterprise, on April 2, 2010,

2   following Rosita Smith's having contracted with Marshall Banks for debt relief services, Marshall

3   Banks sent to Rosita Smith in Washington its standardized enrollment packet.

4   47.    In accordance with Marshall Banks' standardized business practice, Marshall Banks

5   instructed Rosita Smith to execute all transmitted documents where Marshall Banks had placed an

6   "X" and to return those documents to Marshall Banks.

7

8   48.    In furtherance of Defendants' scheme, Marshall Banks' standardized enrollment

9   packet contained an "Attorney Retainer Agreement" with "Legal Helpers Debt Resolution LLC,

10  also known as the law firm of Macey, Aleman, Hyslip & Searns."

11  49.    Marshall Banks' inclusion of the subject Attorney Retainer Agreement in its

12  standardized enrollment packet is not the consequence of a consumer having requested an attorney,

13  having requested legal services, or having had contact with LHDR.

14

15  50.    Marshall Banks' standardized business practice violates RCW 18.28.130 by

16  assuming the authority to secure and arrange the terms of compensation for an attorney.

17  51.    Marshall Banks' marketing and solicitation materials directed at Washington

18  residents did not disclose and do not disclose that the solicitations are on behalf of a law firm.

19  52.    Marshall Banks, on behalf of LHDR and JEM, unlawfully engaged in the solicitation

20  of clients for the law firm of LHDR.

21

22  53.    The inclusion of the Attorney Retainer Agreement in Marshall Banks' standardized

23  enrollment packet was part of and in furtherance of Defendants' conspiratorial enterprise to evade

24  applicable consumer protections through false pretense that the debt relief services are being

25

26

CLASS ACTION COMPLAINT: 11

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

performed by an attorney, so as to exempt the debt relief services from fee limitations and other consumer protections.

54.     LHDR's standardized "Attorney Retainer Agreement," as included in Marshall Banks' enrollment packet, is a contract involving managing, counseling, settling, prorating, or liquidating of the indebtedness of a debtor and involving a designated third-parties' receipt of the debtor's funds for the purpose of distributing said funds among creditors in partial payment of obligations of that debtor.

55.     Rosita Smith executed and returned to Marshall Banks the documents, as directed by Marshall Banks, including the Attorney Retainer Agreement.

56.     Co-defendants were aware that Marshall Banks' business practices directed at Washington residents were unfair, deceptive, criminal, and/or otherwise unlawful.

57.     LHDR gave substantial assistance and encouragement to Marshall Banks in conducting unfair, deceptive, criminal, and otherwise unlawful business activities directed at Washington residents by, among other things, engaging in and agreeing to engage in "Attorney Retainer Agreements" with Marshall Banks' customers; assuming and agreeing to assume the debt relief obligations provided for in Marshall Banks' void Debt Settlement Agreement; lending its name as a law firm to Marshall Banks' business activities; and by otherwise agreeing to carry out the common business scheme described in this Complaint.

58.     At the time that Marshall Banks sent its standardized enrollment packets to Rosita Smith and to Class members, LHDR had no intention of performing the debt relief services involved in carrying out the subject debt relief program.

CLASS ACTION COMPLAINT:  12

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

59.     At the time that Marshall Banks sent its standardized enrollment packets to Rosita Smith and to Class members, LHDR had no capacity to perform the debt relief services involved in carrying out the subject debt relief program.

60.     In furtherance of Defendants' agreement and common business scheme, LHDR lent its name to the for-profit debt relief activities of Marshall Banks and JEM, and similarly does so for numerous other debt relief companies engaged in marketing to Washington residents substantially identical illegal debt relief programs.

61.     LHDR's activities in respect of debt relief programs, including those performed in respect of debt relief programs of Marshall Banks, JEM, and other debt relief companies are not performed solely incidental to the practice of law.

62.     LHDR's activities in respect debt relief programs, including those performed in respect of Marshall Banks, JEM, and other debt relief companies, are not performed by an attorney licensed to practice law in the state of Washington.

63.     To maintain the illusion that the subject debt relief programs are legal services being performed by an LHDR attorney, LHDR's standardized Attorney Retainer Agreement recites purported legal services to be performed by LHDR.  The services recited in LHDR's standardized Attorney Retainer Agreement are a false pretense, recited for purposes of creating an illusion that the debt relief services constitute the practice of law or are being performed solely incidental to the practice of law.

64.     Recited legal services are either not performed, not performed by an attorney authorized to practice law in Washington, or performed solely incidental to the debt relief program contracted for by consumers.

CLASS ACTION COMPLAINT:  13

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

65.     LHDR's standardized Attorney Retainer Agreement recites that it is a contract for legal services with LHDR LLC, and that it does not constitute a contract with any individual, partner, member, or employee of LHDR.  With respect to Washington residents, the Attorney Retainer Agreement for legal services did not constitute the retention of an attorney licensed to practice law in the state of Washington.

66.     LHDR's standardized Attorney Retainer Agreement provided for an initial fee of five hundred dollars ($500.00), a maintenance fee of forty-nine dollars ($49.00), and fees of fifteen percent (15%) of the clients' total scheduled debt for services to be performed by JEM.

67.     LHDR's standardized Attorney Retainer Agreement impermissibly provided for an initial fee exceeding twenty-five dollars ($25.00).

68.     LHDR's standardized Attorney Retainer Agreement impermissibly provided for total fees exceeding fifteen percent (15%) of the consumers' total listed debt.

69.     LHDR's standardized Attorney Retainer Agreement impermissibly provided for fees exceeding fifteen percent (15%) of any one payment made by the consumer.

70.     LHDR's standardized Attorney Retainer Agreement with each Class member, including Rosita Smith, was void *ab initio*.

71.     LHDR owed a fiduciary duty to Washington residents who executed LHDR's Attorney Retainer Agreement.

72.     LHDR breached its duty to Class members, including Rosita Smith, by failing to alert them that they had been victimized by Marshall Banks' unfair, deceptive, and criminal business activities.

CLASS ACTION COMPLAINT:  14

LAW OFFICES
THE SCOTT LAW GROUP
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

73.     LHDR breached its duty to Class members, including Rosita Smith, by failing to alert them that the fees being charged under contracts with Marshall Banks and LHDR were illegal.

74.     LHDR breached its duty to Class members, including Rosita Smith, by failing to alert them that their Debt Settlement Agreement with Marshall Banks and with LHDR were void *ab initio* and that they were entitled to the return of all money paid.

75.     LHDR did not advise Class members, including Rosita Smith, that LHDR had a conflict of interest, including a conflict resulting from its business relationships and agreements with for-profit debt relief companies, including Marshall Banks and JEM.

**C.     JEM.**

76.     LHDR has no capacity to perform the debt relief services involved in the debt relief programs of the companies with whom LHDR associated itself, including that of Marshall Banks.

77.     For-profit debt relief companies who partner with LHDR, including Marshall Banks, were aware that LHDR has neither the capacity nor the intention of performing the debt relief service associated with their programs.

78.     JEM, in this regard, is, among other things, a "back-end" for-profit debt relief company. JEM, among other things, is in the business of establishing and promoting debt relief programs marketed by debt relief affiliates who hold themselves out to the public as experienced debt relief companies, but whose actual business is generation of customers for JEM. JEM assumes responsibility for substantially all activities necessitated by consumers' having engaged in the debt relief programs of such "front-end" debt relief affiliates.

79.     JEM, in this regard, performs substantially all of the activities necessitated by consumers having contracted with LHDR through execution of its standardized Attorney Retainer

CLASS ACTION COMPLAINT: 15

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

1   Agreement or having contracted with JEM's front-end debt relief affiliates, including Marshall

2   Banks.

3       80.    Marshall Banks' standardized "Debt Settlement Agreement" and LHDR's

4   standardized Attorney Retainer Agreement, directly or indirectly, were contracts for the

5   engagement of JEM in respect of managing, counseling, settling, prorating, or liquidating of the

6   indebtedness of a debtor and/or involving receiving funds for the purpose of distributing said funds

7   among creditors in partial payment of obligations of a debtor.

8

9       81.    For purposes of maintaining a fiction that JEM's debt relief activities were only

10  activities of an attorney, JEM performs its activities under a false pretense that they were done

11  under the direct supervision and control of an attorney at LHDR.

12      82.    Based on information and belief, attorneys at LHDR do not control the method,

13  manner, or means by which JEM performs debt relief activities for Washington residents or

14  otherwise directly supervise or control those activities.

15

16      83.    Based on information and belief, JEM's debt relief activities with respect to

17  Washington residents are not performed under the direct supervision or control of an attorney

18  authorized to practice law in Washington.

19      84.    JEM, LHDR, and Marshall Banks received, made, or contracted for charges in

20  excess of the maximums permitted by chapter 18.28 RCW.

21

22      85.    JEM gave substantial assistance and encouragement to Marshall Banks and LHDR

23  in conducting unfair, deceptive, criminal, and otherwise unlawful business activities, including the

24  unauthorized practice of law and violation of fiduciary duty by, among other things, agreeing to

25  serve as the back-end debt settlement company that established, managed, and maintained the debt

26

CLASS ACTION COMPLAINT: 16

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

1   settlement programs marketed and contracted for by LHDR and front-end debt settlement

2   companies, such as Marshall Banks, with whom LHDR associates itself, by assuming and agreeing

3   to assume the debt relief obligations of LHDR and Marshall Banks; by assuming and agreeing to

4   assume the debt relief duties under void and criminally illegal contracts; and by otherwise agreeing

5   to carry out the common business scheme described in this Complaint.

6

7                                      **V.   CLAIMS**

8   **A.   Preliminary and Final Injunctive Relief.**

9        86.   Defendants are engaged in concerted business activities, continuing in nature,

10   directed at heavily indebted Washington residents that are unfair, deceptive, and criminal in nature.

11       87.   Washington residents, including Class members, remain generally unaware that

12   Defendants' ongoing for-profit business activities are unfair, deceptive, criminally illegal, and

13   otherwise wrongful.

14

15       88.   Defendants, on a continuing basis, are engaged in securing from Class members

16   periodic illegal and unowed fees.

17       89.   Class members remain generally unaware that their contracts are void and that fees

18   being paid are unlawful and unowed.

19       90.   The Washington public, including Class members, will suffer continuing,

20   immediate, and irreparable injury absent the issuance of appropriate injunctive and equitable relief.

21

22       91.   The Washington public, including Class members, has no complete, speedy, and

23   adequate remedy at law with respect to Defendants' continuing wrongdoing.

24       92.   Preliminary and final injunctive relief is necessary to prevent further injury to Class

25   members and to the general Washington public, including the following relief:

26

CLASS ACTION COMPLAINT:  17

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

1     a.  An order enjoining each Defendant from further business activities violating

2 chapter 18.28 RCW;

3     b.  An order enjoining each Defendant from further business activities violating

4 chapter 19.86 RCW;

5

6     c.  An order enjoining Defendants from securing additional fees from Class

7 members;

8     d.  An order directing that Defendants provide a complete accounting of i) the

9 identities of each Washington resident who has engaged Defendants' services, ii) the total

10 fees secured from each Washington resident, and iii) an order directing that Defendants

11 return to each Washington resident all fees paid.

12 **B.**  **Consumer Protection Liability.**

13
14   93.  Defendants' conduct alleged in this Complaint occurred in trade or commerce.

15   94.  To the extent LHDR's activities are determined to include the practice of law,

16 LHDR's wrongful activities involved the entrepreneurial aspect of their practice.

17   95.  Defendants' conduct alleged in this Complaint impacts the public interest.

18   96.  Defendants' conduct alleged in this Complaint constitutes an unfair and/or deceptive

19 business practice.

20   97.  Defendants' conduct alleged in this Complaint proximately caused injury to Class

21
22 members, including Rosita Smith, in their business and/or property.  Injury suffered by Class

23 members includes but is not limited to money paid and loss of use of such money.

24   98.  Defendants, individually and in combination, are debt adjusters engaged in and/or

25 holding themselves engaged in the for-profit business of managing, settling, adjusting, prorating, or

26

CLASS ACTION COMPLAINT:  18

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

liquidating of the indebtedness of a debtor, or receiving, directly or indirectly, funds for the purpose of distributing said funds among creditors in payment or partial payment of obligations of a debtor.

99.     Defendants, collectively, are a debt-adjusting agency in that they constitute an association, partnership, or corporation engaging in and holding itself out as engaging in the business of debt adjusting.

100.     The activities of LHDR in respect of managing, settling, adjusting, prorating, or liquidating of the indebtedness of a debtor, or receiving, directly or constructively, funds for the purpose of distributing said funds among creditors in payment or partial payment of obligations of a debtor, were not performed solely incidental to the practice of law and, further, were not performed by an individual licensed to practice law in Washington solely incidental to that individual's practice of law in this state.

101.     Defendants individually and collectively contracted for, received, and/or made charges in excess of the maximums permitted by RCW 18.28.080.

102.     Defendants' contracts with Class members, including Rosita Smith, were void *ab initio* pursuant to RCW 18.28.090.

103.     Defendants' conduct, individually and collectively, constitutes *per se* unfair or deceptive business practices pursuant to RCW 18.28.185.

104.     Pursuant to RCW 18.28.090, Class members, including Rosita Smith, are entitled to recovery of all amounts paid less any amounts that may have been actually paid to a listed creditor.

105.     Class members, including Rosita Smith, are entitled to judgment, jointly and severally as against each Defendant, for harm suffered, pre-judgment interest, treble damages, attorney fees, and costs of litigation.

CLASS ACTION COMPLAINT:  19

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

**C.   Breach of Fiduciary Duty.**

106.   LHDR and its attorneys stood in a fiduciary relationship as to each Class member, including Rosita Smith.

107.   LHDR and its attorneys had a duty to act for the benefit of each Class member, including Rosita Smith, on all matters within the scope of their respective relationships.

108.   LHDR and its attorneys owed each Class member, including Rosita Smith, the utmost duty of good faith and fair dealing and a duty to put the interests of Class members before the interests of LHDR.

109.   LHDR and its attorneys were under a duty to exercise a high standard of care in managing Class members' financial affairs.

110.   LHDR and its attorneys assumed control and responsibility over the Class members' affairs within the context of their relationships.

111.   LHDR and its attorneys breached their duties to Class members, including Rosita Smith, by (among other things) failing to advise them that their contracts were void, failing to advise them that they were entitled to return of all money paid, failing to advise them of conflict of interests, by lending their names as attorneys to the unfair and deceptive business activities of debt relief companies, including Marshall Banks and JEM, and by engaging in the unauthorized practice of law.

112.   LHDR breached its duties to Class members, including Rosita Smith, by charging unreasonable fees, including fees prohibited by RCW 18.28.080.

113.   LHDR breached its duties to Class members, including Rosita Smith, by placing its own financial interests above the interests of Rosita Smith and other Class members.

CLASS ACTION COMPLAINT:  20

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

1    114.   LHDR breached its duties to Class members, including Rosita Smith, by sharing fees

2    with non-lawyers.

3    115.   Defendants' breach of fiduciary duties proximately caused harm to Class members,

4    including named Plaintiff.

5

6    **D.    Unjust Enrichment.**

7    116.   Class members, including Rosita Smith, have paid fees that were not owed.

8    117.   Class members, including Rosita Smith, have paid fees that were unlawful.

9    118.   Class members, including Rosita Smith, have paid fees to a law firm having

10   undisclosed and impermissible conflicts of interest.

11   119.   Defendants have been unjustly enriched through retention, directly or indirectly, of

12   unlawful and unowed fees.

13   120.   Equity demands that Defendants be disgorged of all money received, directly or

14   indirectly, from Class members.

15

16   **E.    Aiding and Abetting.**

17   121.   Defendants knowingly aided and abetted one another through their conduct as

18   described in this Complaint in the commission of unfair and deceptive business activities, in the

19   commission of criminal business activities, in the commissions of activities violative of chapter

20   18.28 RCW and chapter 19.86 RCW, and in the commissions of breach of fiduciary duties, by

21   giving substantial assistance to one another in the carrying out of the business scheme described in

22   this Complaint, which conduct and assistance proximately caused harm to Class members,

23   including Rosita Smith.

24

25

26

CLASS ACTION COMPLAINT:  21

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

**F.**   **Civil Conspiracy.**

122.   Defendants entered into an agreement under which each, acting in concert, willfully and knowingly carried out the business activities described in this Complaint.

123.   The acts of Defendants, and each of them, were in furtherance of this conspiracy.

124.   As a proximate result of the wrongful acts of Defendants, and each of them, Class members, including Rosita Smith, have suffered loss or injury, for which Defendants are jointly and severally liable.

**G.**   **Class Certification.**

125.   This action is brought on behalf of a Class composed of the following individuals: All Washington residents who entered into an Attorney Retainer Agreement with LHDR and/or a Debt Settlement Agreement with Marshall Banks involving implementation, management, or maintenance of a debt settlement program by JEM.

126.   Members of the proposed Classes are so numerous that their joinder is impracticable.

127.   There are questions of law and fact common to the Class, including those delineated below.

128.   The claims and defenses of the named Plaintiff are typical of the claims and defenses of the proposed Class.

129.   Named Plaintiff is a member of the proposed Class and will fairly and adequately protect the interests of the proposed Class.

130.   Defendants have acted or refused to act on grounds generally applicable to the Class, making final injunctive relief appropriate respecting the Class as a whole and rendering certification appropriate under Fed. R. Civ. P. 23(b)(2).

CLASS ACTION COMPLAINT: 22

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966

131.    Further, core common questions of law and fact central to claims of the Class predominate over individual questions, rendering certification also appropriate under Fed. R. Civ. P. 23(b)(3). Core common questions of law and fact include:

a.    Whether Defendants are debt adjusters or otherwise engaged in debt adjusting within the meaning of chapter 18.28 RCW;

b.    Whether debt adjusting activities performed by LHDR were performed by "attorneys-at-law" within the meaning of RCW 18.28.010(2)(a);

c.    Whether debt adjusting activities performed by LHDR were performed solely incidental to the practice of law;

d.    Whether Defendants' contracts with the Class members were void *ab initio*;

e.    Whether Defendants' fees violate RCW 18.28.080; and

f.    Whether preliminary and/or final permanent injunctive relief is appropriate so as to protect Washington residents from the ongoing illegal business activities.

132.    The class device is a superior method of adjudicating Class members' claims as compared to other available methods for fairly and efficiently adjudicating this controversy. Class members are financially distressed individuals who have no meaningful recourse against Defendants absent collective pursuit of their monetarily small claims. The value of Class members' claims, taking individually, is such that their claims have a negative value and cannot, as a practical matter, be pursued on an individual basis.

## VI.  **DEMAND FOR RELIEF**

THEREFORE, Plaintiff, individually and as representative of the proposed Class, prays for relief as follows:

CLASS ACTION COMPLAINT: 23

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

1     1.     An order certifying this matter as a class action pursuant to Fed. R. Civ. P. 23(b)(3)

2     and Fed. R. Civ. P. 23(b)(2), designating such injunctive and/or damage Classes as the Court may

3     deem appropriate, appointing Plaintiff Rosita Smith as representative of such Classes, and

4     appointing undersigned counsel as Class Counsel;

5

6         2.     A preliminary and final order of injunction, including an order prohibiting

7     Defendants from engaging in activities violating chapter 18.28 RCW, or chapter 19.86 RCW;

8         3.     A decree declaring Defendants' contracts void *ab initio* and declaring provisions of

9     the subject contracts unconscionable and unenforceable as a matter of public policy;

10        4.     An order disgorging Defendants from all fees paid by Class members;

11        5.     A final order and judgment for damages against Defendants, jointly and severally,

12    and in favor of Rosita Smith and the Class, in an amount according to proof;

13

14        6.     An award of exemplary damages in the amount of three times the fees paid by each

15    Class member;

16        7.     A final order of disgorgement of attorney fees paid to LHDR;

17        8.     An award of prejudgment interest;

18        9.     An award of costs of litigation;

19        10.    An award of attorney fees, including fees pursuant to chapter 19.86 RCW; and

20        11.    Such other and further relief as this Honorable Court deems just and/or equitable.

21

22                                    **V.  JURY DEMAND**

23    Plaintiff demands a trial by jury in this matter.

24

25

26

CLASS ACTION COMPLAINT: 24

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA 99201
(509) 455-3966

1    DATED this _19_ day of January 2011.

2                              THE SCOTT LAW GROUP, P.S.

3

4                              By: _____
                                   Darrell W. Scott, WSBA #20241
5                                  Email:  darrellscott@mac.com
                                   Matthew J. Zuchetto, WSBA #33404
6                                  Email:  matthewzuchetto@mac.com
                                   926 W. Sprague Avenue, Suite 680
7                                  Spokane, WA  99201

8                              *Attorneys for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CLASS ACTION COMPLAINT: 25

LAW OFFICES
**THE SCOTT LAW GROUP**
A PROFESSIONAL SERVICE CORPORATION
926 W. SPRAGUE AVENUE
SUITE 680
SPOKANE, WA  99201
(509) 455-3966