THE HONORABLE ROBERT J. BRYAN

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
WASHINGTON

8    ROSITA H. SMITH, individually and on behalf
     of all similarly situated Washington State
9    Residents                                          NO.  3:11−cv−05054−RJB

10                                Plaintiff,             **PLAINTIFF'S MOTION FOR FINAL
                                                        APPROVAL OF CLASS ACTION**
11          v.                                          **SETTLEMENTS**

12                                                       **Noted for Consideration:**
     LEGAL HELPERS DEBT RESOLUTION,                      **Friday, December 7, 2012, 10:00 a.m.**
13   LLC, a Nevada limited liability company;
     LEGAL SERVICES SUPPORT GROUP, LLC,
14   a Nevada corporation; JEM GROUP, INC., a
     Nevada corporation; MARSHALL BANKS,
15   LLC, a California company; JOANNE
     GARNEAU, individually and on behalf of the
16   marital community of JOANNE GARNEAU
     and ARTHUR GARNEAU; JASON SEARNS,
17   individually and on behalf of the marital
     community of JASON SEARNS and JANE
18   DOE SEARNS; THOMAS G. MACEY,
     individually and on behalf of the marital
19   community of THOMAS G. MACEY and
     JANE DOE MACEY; and JEFFREY
20   ALEMAN, individually and on behalf of the
     marital community of JEFFREY ALEMAN and
21   JANE DOE ALEMAN; JEFFREY HYSLIP,
     individually and on behalf of the marital
22   community of JEFFREY HYSLIP and JANE
     DOE HYSLIP; and JOHN AND JANE DOES
23   1-25,

24                                Defendants.

25

26

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENTS
CASE NO. 3:11−cv−05054−RJB

# TABLE OF CONTENTS

Page No.

I.   INTRODUCTION ...................................................................................................1

II.  AUTHORITY AND ARGUMENT ......................................................................1

    A.   The Settlements Are the Result of Informed, Arm's Length Negotiations.................................................................................................1

    B.   Settlement Class and Subclass Members Received the Best Notice Practicable ...........................................................................................3

    C.   The Settlements Satisfy the Criteria for Final Approval ......................4

        1.   The Strength of Plaintiff's Case ...............................................4

        2.   The Risk, Expense, Complexity, and Likely Duration of Further Litigation.......................................................................5

        3.   The Risk of Maintaining Class Action Status ..........................6

        4.   The Amount Offered in Settlement ...........................................6

        5.   The Extent of Discovery Completed and the Stage of the Proceedings...............................................................................7

        6.   The Experience and Views of Counsel .....................................8

        7.   The Presence of a Governmental Participant ............................8

        8.   The Reaction of Settlement Class Members .............................8

    D.   The Payment of Attorneys' Fees and Costs Is Fair and Reasonable.....................9

        1.   Class Counsel's Requested Fees Are Reasonable.....................9

        2.   Class Counsel's Out-of-Pocket Expenses Were Reasonably Incurred ....12

    E.   The Requested Plaintiff Incentive Award Is Reasonable ...................13

III. CONCLUSION ...................................................................................................14

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENTS  - i
CASE NO. 3:11−CV−05054−RJB

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

# TABLE OF AUTHORITIES

**Page No.**

## FEDERAL CASES

*Beech Cinema, Inc. v. Twentieth Century Fox Film Corp.*,
  480 F. Supp. 1195 (S.D.N.Y. 1979) ............................................................... 11

*Fulford v. Logitech, Inc.*,
  No. C-08-2041-MMC, 2010 U.S. Dist. LEXIS 29042 (N.D. Cal. Mar. 5, 2010) ............ 6

*Garner v. State Farm Auto Ins. Co.*,
  No. CV 08 1365 CW (EMC), 2010 WL 1687832 (N.D. Cal. April 22, 2010) ................. 8

*Greene v. Emersons Ltd.*,
  No. 76 Civ. 2178 (CSH), 1987 WL 11558 (S.D.N.Y. May 20, 1987) .......................... 11

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1988) ................................................................... 2, 9

*Hartless v. Clorox Co.*,
  273 F.R.D. 630 (S.D. Cal. 2011) ................................................................... 13

*Hughes v. Microsoft Corp.*,
  No. C98-1646C, C93-0178C, 2001 WL 34089697 (W.D. Wash.
  Mar. 26, 2001) ......................................................................................... 2

*In re Ampicillin Antitrust Litig.*,
  526 F. Supp. 494 (D.D.C. 1981)................................................................... 11

*In re Bluetooth Headset Prods. Liab. Litig.*,
  654 F.3d 935 (9th Cir. 2011) ....................................................................... 9

*In re Combustion, Inc.*,
  968 F. Supp. 1116 (W.D. La. 1997) ............................................................. 11

*In re Heritage Bond Litig.*,
  No. 02-ML-1475 DT, *et al.*, 2005 WL 1594403 (C.D. Cal. June 10, 2005) ................. 11

*In re Immune Response Sec. Litig.*,
  497 F. Supp. 2d 1166 (S.D. Cal. 2007) ......................................................... 13

*In re M.D.C. Holdings Sec. Litig.*,
  No. CV89–0090 E (M), 1990 WL 454747 (S.D. Cal. Aug.30, 1990)........................... 11

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENTS  - ii
CASE NO. 3:11−CV−05054−RJB

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

*In re Media Vision Tech. Sec. Litig.,*
   913 F. Supp. 1362 (N.D. Cal. 1996) ............................................................12

*In re Mego Fin. Corp. Sec. Litig.,*
   213 F.3d 454 (9th Cir. 2000) ......................................................................11

*In re Mercury Interactive Corp. Sec. Litig.,*
   618 F.3d 988 (9th Cir. 2010) .....................................................................4, 9

*In re Phenylpropanolamine (PPA) Prods. Liability Litig.,*
   227 F.R.D. 553 (W.D. Wash. 2004) ..............................................................2

*Lane v. Facebook, Inc.,* --- F.3d ---,
   2012 WL 4125857 (9th Cir. Sept. 20, 2012) ................................................1

*Officers for Justice v. Civil Serv. Comm'n,*
   688 F.2d 615 (9th Cir. 1982) ........................................................................5

*Pelletz v. Weyerhaeuser Co.,*
   255 F.R.D. 537 (W.D. Wash. 2009) ....................................................2, 8, 14

*Rodriguez v. West Publ'g Corp.,*
   563 F.3d 948 (9th Cir. 2009) ......................................................................13

*Six Mexican Workers v. Arizona Citrus Growers,*
   904 F.2d 1301 (9th Cir. 1990) ....................................................................11

*Staton v. Boeing Co.,*
   327 F.3d 938 (9th Cir 2003) .........................................................................9

*Van Gemert v. Boeing Co.,*
   516 F. Supp. 412 (S.D.N.Y. 1981) .............................................................11

## STATE STATUTES

RCW 18.28.010(2)(a) ...................................................................................4, 5

## OTHER AUTHORITIES

*Manual for Complex Litigation* (Fourth) § 21.61 (2010) ..............................1

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENTS  - iii
CASE NO. 3:11−CV−05054−RJB

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## I.  INTRODUCTION

Plaintiff Rosita Smith respectfully submits this memorandum in support of her motion for final approval of the Settlements reached with Defendants Legal Helpers Debt Resolution, LLC ("LHDR"), Jason Searns, Thomas G. Macey, Jeffrey Aleman and Jeffrey Hyslip (collectively, the "LHDR Defendants"); and Defendant Marshall Banks.  For the reasons set forth in this memorandum and in the papers previously submitted in support of approval, the Settlements are fair, adequate and reasonable and in the best interests of the Settlement Class and Subclass.  Accordingly, Plaintiff respectfully requests that the Court grant final approval to the Settlements by: (1) approving the proposed Settlement Agreements as fair, adequate, and reasonable for the certified Settlement Class and Subclass; and (2) determining that adequate notice was provided to the Settlement Class and Subclass.

## II.  AUTHORITY AND ARGUMENT

When faced with a motion for final approval of a class action settlement under Rule 23, a court's inquiry is whether the settlement is "fair, adequate, and reasonable." *Lane v. Facebook, Inc.*, --- F.3d ---, 2012 WL 4125857, *3 (9th Cir. Sept. 20, 2012).  A settlement is fair, adequate, and reasonable, and merits final approval, when "the interests of the class as a whole are better served by the settlement than by further litigation." *Manual for Complex Litigation* (Fourth) ("MCL 4th") § 21.61, at 480 (2010).  "Although Rule 23 imposes strict procedural requirements on the approval of a class settlement, a district court's only role in reviewing the substance of that settlement is to ensure that it is 'fair adequate, and free from collusion.'"  *Lane*, 2012 WL 4125857 at *3 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988)).

### A.    The Settlements Are the Result of Informed, Arm's-Length Negotiations

To reach the Settlements, Plaintiff, Marshall Banks, and the LHDR Defendants engaged in extensive negotiations.  Plaintiff and the LHDR Defendants participated in a full-day mediation session before experienced former judge, the Honorable William J. Cahill and had

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   several lengthy settlement discussions thereafter.  Counsel for Plaintiff and Marshall Banks

2   also had several settlement discussions, all of which were adversarial, non-collusive, and at

3   arm's length.  Those discussions culminated in the respective Settlement Agreements that

4   provide substantial benefits, including a payment by the LHDR Defendants of $2,000,000 for

5   the benefit of the Settlement Class and a payment by Marshall Banks of $60,000 for the benefit

6   of the Settlement Subclass.

7        The Settlements are the result of a thorough investigation by the parties.  *See* Dkt. No.

8   143 at Section II.B.  Counsel spent a considerable amount of time engaging in discovery,

9   reviewing documents, interviewing witnesses, and analyzing legal issues related to the

10  lawsuit's claims.  *See Hanlon*, 150 F.3d at 1027 (no basis to disturb the settlement, in the

11  absence of any evidence suggesting that the settlement was negotiated in haste or in the

12  absence of information).

13       As the Court recognized in its preliminary approval order, the Settlement Agreements

14  "are the result of arm's-length negotiations between experienced attorneys who are familiar

15  with class action litigation in general and with the legal and factual issues of this case in

16  particular." Dkt. No. 159 ¶ 2.  Such negotiations are *prima-facie* evidence of a settlement that

17  is fair and reasonable.  *See Hughes v. Microsoft Corp.,* No. C98-1646C, C93-0178C, 2001 WL

18  34089697, *7 (W.D. Wash. Mar. 26, 2001) ("A presumption of correctness is said to attach to a

19  class settlement reached in arms-length negotiations between experienced capable counsel after

20  meaningful discovery."); *see also Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 542–43 (W.D.

21  Wash. 2009) (approving settlement "reached after good faith, arms-length negotiations"); *In re*

22  *Phenylpropanolamine (PPA) Prods. Liability Litig.*, 227 F.R.D. 553, 567 (W.D. Wash. 2004)

23  (approving settlement "entered into in good faith, following arms-length and non-collusive

24  negotiations"). Accordingly, the Settlements are entitled to a presumption of fairness.

25

26

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

**B.      Settlement Class and Subclass Members Received the Best Notice Practicable**

This Court has already determined that the notice program in this case meets the requirements of due process and applicable law, provides the best notice practicable under the circumstances, and constitutes due and sufficient notice to all individuals entitled thereto.  Dkt. No. 159 ¶ 10.  This notice program has been fully implemented by The Scott Law Group ("SLG").  *See* Supplemental Declaration of Darrell Scott ("Supp. Scott Decl.") ¶ 5.

The LHDR Defendants and Marshall Banks provided SLG with a list containing the names, last known address, last known email address, and last known telephone number for each Settlement Class and Settlement Subclass member (the "Class Lists").  Supp. Scott Decl. ¶ 6.   After receiving the Class Lists, SLG sent notice directly through first-class mail using the most recent contact information available.  Supp. Scott Decl. ¶ 8.  If a person is a member of both the Settlement Class and Settlement Subclass, he or she was mailed two separate notices, one explaining the terms of the LHDR Settlement and the other explaining the terms of the Marshall Banks Settlement.  *See id.*   In total, SLG mailed 1201 notices to LHDR Settlement Class members.  *Id.* ¶ 9.  SLG also mailed twenty-three notices to Settlement Subclass members.  *Id.*

The notice program, as implemented by SLG, has been extraordinarily successful. Supp. Scott Decl. ¶ 5–11.  SLG attempted to personally contact via email and/or telephone individual Settlement Class and Subclass members whose notices were returned undeliverable. *Id.* ¶ 10.  If SLG's efforts were unsuccessful, SLG attempted to locate a valid mailing address by performing a "skip trace" using two online locator providers, TLO Report and/or Spokeo. *See id.*  SLG immediately re-mailed notices to all Settlement Class members for whom SLG obtained an updated address.  *See id.* ¶ 11.  Of the 1201 notices mailed, only seven (0.58%) have not reached their intended targets.  *Id.*

SLG also has answered all telephone calls and inquiries from Settlement Class members.  Supp. Scott Decl. ¶ 12.  If an inquiry requires legal advice or is beyond the

knowledge of the person answering the inquiry, SLG's claims administration staff forwards the inquiry to an attorney.  *See id.*

In sum, the notice program approved by this Court and implemented by SLG has provided due and adequate notice of these proceedings and of the matters set forth therein, including the Amended Agreement, to all parties entitled to such notice and satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of constitutional due process, and the requirements set forth in *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010).  As of October 12, 2012, over 99 percent of the 1,201 Settlement Class and Settlement Subclass members have successfully been provided with notice of the Settlements by email or mail. Supp. Scott Decl. ¶ 11.  Due process is satisfied.

**C.      The Settlements Satisfy the Criteria for Final Approval**

In deciding whether to grant final approval to a class action settlement, courts consider several factors, including:

> [T]he strength of the Plaintiffs' case; the risk, complexity, and duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery and the stage of the proceedings; the experience and views of counsel; the presence of a government participant; and the reaction of the class members to the proposed settlement.

*See Lane*, 2012 WL 4125857 at *4.  Applied to this case, the relevant criteria support final approval of the Settlements.

1.      The Strength of Plaintiff's Case

Although Plaintiff has thoroughly investigated the factual and legal bases for her claims and have developed substantial evidence supporting her allegations that Defendants violated the Debt Adjuster Act ("DAA"), RCW 18.28 *et seq.*, one cannot ignore the presence of significant risks in continuing the litigation had settlement not occurred.  This case turns on competing interpretations of, among other things, a provision of the DAA known as the "lawyer exemption."  *See* RCW 18.28.010(2)(a).  Defendants maintain that the DAA does not

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENTS  - 4
CASE NO. 3:11−CV−05054-RJB

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   apply to them because the statute exempts lawyers.  Plaintiff maintains that RCW

2   18.28.010(2)(a) is found in the "Definitions" section of the DAA and serves as a qualifier to the

3   statutory definition of  "Debt Adjuster."  The provision does not set forth a categorical

4   exemption from the DAA act.  Rather, the provision's plain language and statutory context

5   make evident that this subsection operates as a limited exclusion from the term "Debt

6   Adjuster," as elsewhere employed in that Act.  Although Plaintiff is confident her interpretation

7   of the DAA is correct, her damages could be substantially reduced, or eliminated altogether, if

8   the Court of Appeals were to hold otherwise.

9        Another risk Plaintiff faced going forward is that the Court of Appeals would reverse

10  this Court's ruling that the arbitration provision in the LHDR agreement is not enforceable.  If

11  this were to occur, LHDR would argue that Settlement Class members' claims should be sent to

12  individual arbitrations.

13       Under the Settlements, Settlement Class and Subclass members avoid all of those risks

14  and obstacles to recovery and receive substantial benefits, and in timely fashion.  In addition,

15  all Settlement Class members may pursue additional compensation through their claims against

16  the non-settling Defendants and any other entity that caused them to be enrolled in an LHDR

17  debt settlement program.

18       2.    The Risk, Expense, Complexity, and Likely Duration of Further Litigation

19       Another factor in assessing the fairness of the proposed Settlements is the complexity,

20  expense, and likely duration of this lawsuit had settlement not been achieved.  *Officers for*

21  *Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).  Throughout the negotiation

22  process, the LHDR Defendants and Marshall Banks vigorously defended their position and

23  expressed every intention of continuing a spirited defense, absent a settlement, through trial and

24  appeal.  Class Counsel have a significant amount of experience in consumer class action

25  litigation and know from their own experience that any case involving a class of consumers

26  can, and often does, lead to costly litigation that goes on for years.

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENTS  - 5
CASE NO. 3:11−CV−05054−RJB

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Moreover, there is a substantial risk of losing inherent in any jury trial.  Even if Plaintiff prevailed at trial, the LHDR Defendants and Marshall Banks would almost certainly appeal, threatening a reversal of any favorable outcome and causing significant delays in obtaining any relief for Settlement Class members.  *See Fulford v. Logitech, Inc.*, No. C-08-2041-MMC, 2010 U.S. Dist. LEXIS 29042, at *8 (N.D. Cal. Mar. 5, 2010) ("[L]iability and damages issues—and the outcome of any appeals that would likely follow if the Class were successful at trial—present substantial risks and delays for Class member recovery.").

        3.      <u>The Risk of Maintaining Class Action Status</u>

Another risk Plaintiff faced going forward is that this Court would decline to certify this case as a class action.  If Defendants persuaded the Court not to certify a class, Plaintiff and all Settlement Class members would have been left to try to pursue their small value individual claims on their own.

        4.      <u>The Amount Offered in Settlement</u>

The Settlements provide substantial monetary relief for all Settlement Class and Settlement Subclass members, including a $2,000,000 payment by the LHDR Defendants and an additional $60,000 payment by Marshall Banks.  After deducting the requested Court-awarded fees, litigation expenses, settlement administration costs, and the class representative incentive award, the net proceeds to the Settlement Class are estimated to be $1,346,877.73. *See generally* Supp. Marshall Decl.; Supp. Scott Decl.  The net proceeds to the Settlement Subclass are estimated to be $42,000.  *See id.*

The funds distributed to the Settlement Class and Settlement Subclass will be allocated in a manner that is fair and reasonable.  Each member's share will be based on the fees the member paid pursuant to his or her contract with LHDR and, if applicable, the fees Marshall Banks received relating to the member.  Dkt. No. 144, Ex. 1 (LHDR Settlement Agreement) § II.C.2, D.3; Ex. 2 (Marshall Banks Settlement Agreement) § II.C.2, D.3.  Plaintiff estimates that each Settlement Class member will receive nearly thirty percent of the total fees the

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

Settlement Class member paid pursuant to an agreement with LHDR. Settlement Subclass members will receive approximately seventy percent of the total fees received by Marshall Banks. On behalf of the Settlement Class, Plaintiff and her counsel will continue to pursue additional funds from the non-settling Defendants, who retained the majority (87 percent) of the fees at issue in this case.

Settlement Class and Subclass members who do not opt out will automatically receive a check for the share of the Settlements; they do not need to file a claim form. Dkt. No. 144, Exs. 1–2 (Settlement Agreements) § II.D.3. The Settlements are non-reversionary; funds for any checks that remain uncashed after 180 days will be donated as *cy pres* monies to the Legal Foundation of Washington ("LFW"), a legal aid organization that "funds programs and supports policies and initiatives which enable the poor and the most vulnerable to overcome barriers in the civil justice system." Supp. Marshall Decl., Ex. 1. The work of LFW benefits people who, like Settlement Class members, may need legal relief with respect to unfair and deceptive acts of debt settlement companies, and its work therefore serves "the objectives of the underlying statutes, and the interests of the silent class members …." *Lane*, 2012 WL 4125857 (9th Cir. 2012) (internal quotation marks omitted).

5.  The Extent of Discovery Completed and the Stage of the Proceedings

Final approval is favored because substantial investigation and discovery were completed prior to the Settlements. Courts consider the extent of discovery completed and the stage of the proceedings in determining whether a class action settlement is fair, adequate and reasonable. Here, Plaintiff reached a settlement only after conducting substantial discovery that including reviewing thousands of pages of documents and interviewing dozens of potential class members. *See* Dkt. No. 143 at Section II.B. At the time of settlement, Plaintiff had responded to two motions to dismiss and was in the process of briefing her motion for class certification. Thus, she was thoroughly familiar with the legal issues involved in this litigation.

The Settlements are the result of a thorough investigation, formal and informal

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENTS - 7 CASE NO. 3:11−CV−05054−RJB

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  discovery, and an evaluation of Plaintiff's legal claims.  This factor favors approval.

2        6.     The Experience and Views of Counsel

3        Where class counsel is qualified and well informed, their opinion that a settlement is

4  fair, reasonable, and adequate is entitled to significant weight.  *See Pelletz*, 255 F.R.D. at 543.

5  Here, Class Counsel believe the Settlements are fair, reasonable, adequate, and in the best

6  interest of the Settlement Class as a whole.  *See* Dkt. No. 144 (Marshall Decl.) ¶ 10; Dkt. No.

7  145 (Scott Decl.) ¶ 14.

8        7.     The Presence of a Governmental Participant

9        No governmental entity is a party to this action.  However, in compliance with the

10  notice provision of CAFA 28 U.S.C. § 1715, notice of the Settlements has been provided to the

11  United States Attorney General, and the Attorneys General of each of the 50 states in which

12  Settlement Class Members may reside.  *See* Dkt. Nos.158, 161.

13        "Although CAFA does not create an affirmative duty for either state or federal officials

14  to take any action in response to class action settlement, CAFA presumes that, once put on

15  notice, either state of federal officials will raise any concerns that they may have during the

16  normal course of the class action settlement procedures."  *Garner v. State Farm Auto Ins. Co.*,

17  No. CV 08 1365 CW (EMC), 2010 WL 1687832, *14 (N.D. Cal. April 22, 2010).  Not one

18  governmental entity has objected.

19        8.     The Reaction of Settlement Class Members

20        A positive response to a settlement by the class—as evidenced by a small percentage of

21  opt-outs and objections—further supports final approval.  *See Pelletz*, 255 F.R.D. at 543.  The

22  deadline to opt out or object to the Settlements is November 15, 2012.  Thus, Plaintiff will fully

23  analyze this factor when she files her response papers regarding any objections to the

24  Settlements, which are due on December 5, 2012.

25        The response to the Settlements thus far strongly indicates that the reaction to the

26  Settlements will be resoundingly positive.  As of October, 12, 2012, Class Counsel had

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENTS  - 8
CASE NO. 3:11−cv−05054−RJB

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  received a total of one exclusion request and no objections to the Settlements. *See* Supp.

2  Marshall Decl. ¶ 10.  After the deadlines to submit exclusions and objections have passed,

3  Class Counsel will supplement the record with updated information.

**D.      The Payment of Attorneys' Fees and Costs Is Fair and Reasonable**

5         1.       Class Counsel's Requested Fees Are Reasonable

6         "Attorneys' fees provisions included in proposed class action settlement agreements

7  are, like every other aspect of such agreements, subject to the determination whether the

8  settlement is 'fundamentally fair, adequate, and reasonable.'"  *Staton v. Boeing Co.*, 327 F.3d

9  938, 963 (9th Cir 2003) (quoting Fed. R. Civ. P. 23(e)).  Where counsel seek fees from a

10  common fund, courts have discretion to use one of two methods to determine whether the

11  request is reasonable: "percentage-of-the-fund" or "lodestar/multiplier." *Id.* at 963–64; *see also*

12  *In re Mercury Interactive Corp.*, 618 F.3d 988, 992 (9th Cir. 2010); *Hanlon v. Chrysler Group*,

13  150 F.3d 1011, 1029 (9th Cir. 1998).  "Though courts have discretion to choose which

14  calculation method they use, their discretion must be exercised so as to achieve a reasonable

15  result."  *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011).

16         Given the excellent result achieved for the Settlement Class and Subclass, the lodestar

17  method should be applied here.  Class Counsel seek an award of $600,000 from the LHDR

18  Settlement and an award of $18,000 from the Marshall Banks Settlement.  To date, Class

19  Counsel have incurred $609,715.55 in lodestar, which is just under the fee requested here.

20  Class Counsel estimate they will incur an addition $14,000 in fees to see this case through final

21  approval, for a total lodestar of $623,715. *See* Supp. Marshall Decl. ¶ 3; Supp. Scott Decl. ¶

22  21.  Thus, Plaintiff's counsel estimate their total lodestar will be more than the requested fee.

23  As set forth in the following, Class Counsel's requested fee awards reflect substantial and

24  necessary work performed on behalf of Plaintiff and the proposed class and are based on

25  reasonable rates.

26         Class Counsel diligently and efficiently investigated Plaintiff's claims, drafted the

complaint, investigated witnesses, reviewed and analyzed documents produced, engaged in

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENTS  - 9
CASE NO. 3:11−cv−05054−RJB

1   substantial motion practice, including responding to two motions to dismiss.  *See* Dkt. No. 143

2   § II.B.  At the time of settlement, Class Counsel were in the process of drafting their class

3   certification motion.  Dkt. No. 144 (Marshall Decl.) ¶ 6.  Class Counsel have expended over

4   1931.2 hours to date prosecuting this litigation.  Supp. Marshall Decl. ¶ 5; Supp. Scott Decl.

5   ¶ 15.  Multiplied by their current hourly rates, Class Counsel have accrued a lodestar of

6   approximately $609,715.55.  Supp. Marshall Decl. ¶ 6; Supp. Scott Decl. ¶ 15.  All of the hours

7   expended by counsel and expenses incurred in this litigation were required to diligently

8   investigate and litigate the claims of Plaintiff and the proposed Settlement Class and Subclass.

9          The lodestar calculations of Class Counsel are based on reasonable hourly rates.  Class

10  Counsel set their rates for attorneys and staff members based on a variety of factors, including

11  among others: the experience, skill and sophistication required for the types of legal services

12  typically performed; the rates customarily charged in the markets where legal services are

13  typically performed; and the experience, reputation and ability of the attorneys and staff

14  members.  Supp. Marshall Decl. ¶ 4; Supp. Scott Decl. ¶ 22.  The rates charged for attorneys

15  and staff members working on this matter range from $100 to $530, with the majority of the

16  work performed by Mr. Marshall at an hourly rate of $375 and Mr. Scott at an hourly rate of

17  $530.  *See id.*  Recently, both state and federal courts have found rates significantly higher than

18  these were "reasonable for the work performed in each of [Counsel's] respective communities

19  by attorneys of similar skill, experience, and reputation."  *See* Supp. Marshall Decl., Ex. 2

20  (granting attorneys' fees award based on rates ranging from $100 to $600, including a rate of

21  $575 for Mr. Marshall and $450 for Ms. Murray); Ex. 3 (Judge Robart approving as reasonable

22  rates ranging from $175 to $600, including Ms. Murray at $450); Ex. 4 (Judge Spector

23  approving fee request based on rates ranging from $100 to $760); Ex. 5 (Judge Washington

24  approving fee request based on rates ranging from $100 to $760); Ex. 6 (Judge Lasnik

25  approving Plaintiffs' counsel's fee request based on rates ranging from $180 to $650).  In light

26  of the detailed breakdown provided by counsel in their respective declarations, and the

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENTS  - 10
CASE NO. 3:11−cv−05054−RJB

arguments offered above, Class Counsel submit that their lodestar calculations are based on reasonable rates.

The requested attorneys' fees are also reasonable under the percentage method. While the "benchmark" award of attorneys' fees awards in the Ninth Circuit is twenty-five percent of the common fund recovery, the benchmark percentage should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be too small in light of the hours devoted to the case. *Six Mexican Workers v. Arizona Citrus Growers,* 904 F.2d 1301, 1311 (9th Cir. 1990). The special circumstances of this action indicate that attorneys' fee awards of $600,000 (or thirty percent of the LHDR Settlement) and $18,000 (thirty percent of the Marshall Banks Settlement) are appropriate. Courts within the Ninth Circuit and in other circuits have awarded attorneys' fees in excess of the twenty-five percent benchmark in comparable circumstances. *See In re Heritage Bond Litig.*, No. 02-ML-1475 DT, *et al.*, 2005 WL 1594403, *19 (C.D. Cal. June 10, 2005) (awarding class counsel's fee request of thirty-three percent of the common fund); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 460 (9th Cir. 2000) (affirming award of attorneys' fees equal to one-third of the total recovery); *In re M.D.C. Holdings Sec. Litig.,* No. CV89–0090 E (M), 1990 WL 454747, *1, *10 (S.D. Cal. Aug.30, 1990) (awarding attorneys' fees equal to thirty percent of the settlement fund plus expenses); *Greene v. Emersons Ltd.*, No. 76 Civ. 2178 (CSH), 1987 WL 11558, *8 (S.D.N.Y. May 20, 1987) (awarding attorneys' fees and expenses in excess of forty-six percent of the settlement fund); *In re Combustion, Inc.*, 968 F. Supp. 1116, 1131–32 (W.D. La. 1997) (awarding attorneys' fees equal to thirty-six percent of the common fund); *In re Ampicillin Antitrust Litig.*, 526 F. Supp. 494, 503 (D.D.C. 1981) (awarding attorneys' fees in excess of forty percent of the settlement fund); *Beech Cinema, Inc. v. Twentieth Century Fox Film Corp.*, 480 F. Supp. 1195, 1198–99 (S.D.N.Y. 1979) (awarding attorneys' fees in excess of fifty percent of the settlement fund); *Van Gemert v. Boeing Co.*, 516 F. Supp. 412, 420 (S.D.N.Y. 1981) (awarding attorneys' fees of thirty-six percent of settlement fund).

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENTS  - 11
CASE NO. 3:11−CV−05054−RJB

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    Courts may observe the following factors when determining whether the benchmark

2    percentage should be adjusted: (1) the result obtained for the class; (2) the effort expended by

3    counsel; (3) counsel's experience; (4) counsel's skill; (5) the complexity of the issues; (6) the

4    risks of non-payment assumed by counsel; (7) the reaction of the class; and (8) comparison

5    with counsel's lodestar.  *In re Heritage Bond Litig.*, 2005 WL 1594403 at *18. (citing *In re*

6    *Quintus Sec. Litig.,* 148 F.Supp.2d 967, 973–74 (N.D. Cal. 2001)).  Consideration of these

7    factors weighs in favor of granting Class Counsel's request for attorneys' fees.

8    Plaintiff commenced this class action to seek a refund of allegedly unlawful fees

9    collected by Defendants.  The Settlements require the LHDR Defendants and Marshall Banks

10   to create settlement funds of $2,000,000 and $60,000, which–after deducting requested

11   attorneys' fees and expenses, the incentive award and administration costs–will be distributed

12   to Settlement Class and Subclass members based on the fees they paid for debt-adjusting

13   services.  Assuming the Court grants the requested claims administration costs, attorneys' fees,

14   and litigation expenses, Plaintiff estimates that Settlement Class members will receive nearly

15   thirty percent of the total non-refunded fees they paid to LHDR and seventy percent of the total

16   non-refunded fees they paid to Marshall Banks.  Dkt. No. 144 (Marshall Decl.) ¶¶ 8–9.  The

17   requested fee and expense award is reasonable in light of the substantial recovery to the Class.

18   Furthermore, Class Counsel have substantial experience in wage-and-hour and other

19   class action litigation.  Dkt. No. 144 (Marshall Decl.) ¶¶ 10–15; Dkt. No. 145 (Scott Decl.) ¶¶

20   2–6.  Class Counsel's skills in developing an extensive factual record and working toward

21   obtaining a certified class were essential to achieving the Settlement.  *See id.*

22   Finally, prosecution of this action has involved significant financial risk for Class

23   Counsel.  Class Counsel undertook this matter solely on a contingent basis, with no guarantee

24   of recovery.  Dkt. No. 144 (Marshall Decl.) ¶ 21; Supp. Scott Decl. ¶ 21.  The risk of protracted

25   litigation, and of ultimately obtaining no recovery at all, was especially high in this case, given

26   the risk that Defendants could successfully oppose class certification, prevail on the underlying

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   "attorney exemption" issue, or compel arbitration.  By applying their skill and experience,

2   Class Counsel were able to obtain an outstanding result for Class Members.

3          2.      Class Counsel's Out-of-Pocket Expenses Were Reasonably Incurred

4        "Reasonable costs and expenses incurred by an attorney who creates or preserves a

5   common fund are reimbursed proportionately by those class members who benefit from the

6   settlement." *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1996).

7   To date, Class Counsel have incurred out-of-pocket litigation expenses totaling $19,928.85,

8   primarily to cover expenses related to legal research, investigation, discovery, travel, mediation

9   fees, and administrative costs such as copying, mailing, and messenger expenses.  Supp.

10  Marshall Decl. ¶ 6; Supp. Scott Decl. ¶ 30.  These out-of-pocket costs were necessary to secure

11  the resolution of this litigation, and should be recouped.  *See In re Immune Response Sec.*

12  *Litig.*, 497 F. Supp. 2d 1166, 1177–78 (S.D. Cal. 2007) (finding that costs such as filing fees,

13  photocopy costs, travel expenses, postage, telephone and fax costs, computerized legal research

14  fees, and mediation expenses are relevant and necessary expenses in a class action litigation).

15  Class Counsel estimate that they will incur an additional $450 in litigation expenses going

16  forward.   Supp. Marshall Decl. ¶ 3; Supp. Scott Decl. ¶ 36.

17       In addition, SLG has incurred $10,726.56 in notice administration expenses, which

18  include the time and costs incurred in distributing notice to all Settlement Class and Subclass

19  members.  Supp. Scott Decl. ¶ 33.  SLG estimates it will incur an additional $17,016.86 in time

20  and costs for distributing Class member checks and handling other settlement administration

21  matters.  *Id.* ¶ 34.  These necessary expenses also should be reimbursed.

22       In sum, the $618,000 requested attorneys' fees and reimbursement of $48,122.27 in out-

23  of-pocket expenses are fair, adequate, and reasonable in light of: (1) the substantial financial

24  recovery for Settlement Class and Subclass members (2) the diligent and efficient effort

25  utilized by Class Counsel in litigating Plaintiff's claims; (3) Class Counsel's substantial

26  experience in complex litigation and skill utilized to achieve the Settlement; (4) Class

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   Counsel's total hours and incurred lodestar; and (5) the hurdles to certifying the Settlement

2   Class and Subclass and proving liability and damages at trial.

3   **E.       The Requested Plaintiff Incentive Award Is Reasonable**

4           Modest service awards compensating named plaintiffs for work done on behalf of the

5   Class attempt to account for financial or reputational risks associated with litigation, and

6   promote the public policy of encouraging individual plaintiffs to undertake the responsibility of

7   representative lawsuits. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir.

8   2009); *Hartless v. Clorox Co.*, 273 F.R.D. 630, 646–47 (S.D. Cal. 2011) ("Incentive awards are

9   fairly typical in class actions."). The requested service award of $5,000 is modest under the

10  circumstances, and well in line with awards approved by federal courts in Washington and

11  elsewhere. *See, e.g., Pelletz*, 592 F. Supp. 2d at 1329-30 & n.9 (approving $7,500 service

12  awards and collecting decisions approving awards ranging from $5,000 to $40,000). This

13  award will compensate Plaintiff Smith for her time and effort in stepping forward to serve as

14  proposed class representative, assisting in the investigation, keeping abreast of the litigation,

15  and reviewing and approving the proposed settlement terms after consulting with Class

16  Counsel. If approved, the Incentive Award will be deducted from the LHDR Settlement

17  common fund.

                              **III.  CONCLUSION**

18

19          The Settlements are fair, adequate, and reasonable. Indeed, the payment of $2,060,000

20  to the Class is outstanding in light of the recoveries potentially available under the law, the

21  risks of continued litigation, and the fact that Plaintiff can continue to pursue additional relief

22  against the non-settling defendants. As for attorneys' fees and costs, an award to Class Counsel

23  of $618,000 in fees and $48,122.27 in litigation costs and claims administration expenses is

24  appropriate given the substantial work counsel performed and the successful resolution

25  achieved on behalf of the Settlement Class and Subclass. For these reasons, Plaintiff

26

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENTS  - 14
CASE NO. 3:11−CV−05054−RJB

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    respectfully requests that the Court enter the Proposed Order of Final Settlement Approval and

2    of Dismissal with Prejudice submitted herewith.

3           DATED this 15th day of October, 2012.

4                                          TERRELL MARSHALL DAUDT & WILLIE PLLC

5

6                                          By:  /s/ Toby J. Marshall, WSBA #32726
                                                Beth E. Terrell, WSBA #26759
7                                               Email:  bterrell@tmdwlaw.com
                                                Toby J. Marshall, WSBA #32726
8                                               Email:  tmarshall@tmdwlaw.com
                                                Jennifer Rust Murray, WSBA #36983
9                                               Email:  jmurray@tmdwlaw.com
                                                936 North 34th Street, Suite 400
10                                              Seattle, Washington  98103-8869
                                                Telephone:  (206) 816-6603
11

12                                              Darrell W. Scott, WSBA #20241
                                                Email: scottgroup@mac.com
13                                              Matthew J. Zuchetto, WSBA #33404
                                                Email:  matthewzuchetto@mac.com
14                                              SCOTT LAW GROUP
                                                926 W Sprague Avenue, Suite 583
15                                              Spokane, Washington 99201
                                                Telephone:  (509) 455-3966
16

17                                              *Attorneys for Plaintiff*

18

19

20

21

22

23

24

25

26

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

<u>CERTIFICATE OF SERVICE</u>

I, Toby J. Marshall, hereby certify that on October 15, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jerry Kindinger
Email:  kindinger@ryanlaw.com
Bryan C. Graff
Email:  graff@ryanlaw.com
RYAN, SWANSON & CLEVELAND, PLLC
1201 Third Avenue, Suite 3400
Seattle, Washington  98101-3034
Telephone:  (206) 464-4224

*Attorneys for Defendants Legal Helpers Debt Resolution, LLC, Jason and Jane Doe Searns, Thomas G. and Jane Doe Macey, Jeffrey and Jane Doe Aleman, and Jeffrey and Jane Doe Hyslip*

Gregory E Jackson
Email: gregj@fjtlaw.com
FREIMUND JACKSON TARDIFF & BENEDICT GARRETT
711 Capitol Way South, Suite 602 and 605
Olympia, Washington  98501
Telephone:  (360) 534-9960

Richard Epstein, *Admitted Pro Hac Vice*
Email: richard.epstein@gmlaw.com
Rebecca Bratter, *Admitted Pro Hac Vice*
Email: rebecca.bratter@gmlaw.com
GREENSPOON MARDER PA
200 East Broward Blvd., Suite 1500
Ft. Lauderdale, Florida  33301
Telephone:  (954) 491-1190

*Attorneys for Defendants Legal Services Support Group, LLC and  JEM Group Inc.,*

PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENTS  - 16
CASE NO. 3:11−cv−05054−RJB

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

2

3

4

Christopher G. Emch
Email:  emchc@foster.com
FOSTER PEPPER, PLLC
1111 Third Avenue, Suite 3400
Seattle, Washington  98101
Telephone: (206) 447-4400

5

*Attorneys for Defendants JEM Group Inc. and Joanne and Arthur Garneau*

6

7

8

9

Todd Nunn
Email:  todd.nunn@klgates.com
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington  98104-1158
Telephone: (206) 623-7580

10

11

12

13

Whitney J. Baran
Email:  whitney.baran@klgates.com
K&L GATES LLP
618 West Riverside Avenue, Suite 300
Spokane, Washington  99201-0602
Telephone: (509) 624-2100

14

*Attorneys for Defendant Marshall Banks, LLC*

15

DATED this 15th day of October, 2012.

16

TERRELL MARSHALL DAUDT & WILLIE PLLC

17

18

19

20

By: /s/ Toby J. Marshall, WSBA #32726
    Toby J. Marshall, WSBA #32726
    Email:  tmarshall@tmdwlaw.com
    936 North 34th Street, Suite 400
    Seattle, Washington  98103-8869
    Telephone:  (206) 816-6603

21

*Attorneys for Plaintiff*

22

23

24

25

26