THE HONORABLE ROBERT J. BRYAN

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

8  ROSITA H. SMITH, individually and on behalf
   of all similarly situated Washington State
9  Residents

NO.  3:11−cv−05054−RJB

10                           Plaintiff,

**PRAECIPE**

11        v.

12
13 LEGAL HELPERS DEBT RESOLUTION,
   LLC, a Nevada limited liability company;
   LEGAL SERVICES SUPPORT GROUP, LLC,
14 a Nevada corporation; JEM GROUP, INC., a
   Nevada corporation; MARSHALL BANKS,
15 LLC, a California company; JOANNE
   GARNEAU, individually and on behalf of the
16 marital community of JOANNE GARNEAU
   and ARTHUR GARNEAU; JASON SEARNS,
17 individually and on behalf of the marital
   community of JASON SEARNS and JANE
18 DOE SEARNS; THOMAS G. MACEY,
   individually and on behalf of the marital
19 community of THOMAS G. MACEY and
   JANE DOE MACEY; and JEFFREY
20 ALEMAN, individually and on behalf of the
   marital community of JEFFREY ALEMAN and
21 JANE DOE ALEMAN; JEFFREY HYSLIP,
   individually and on behalf of the marital
22 community of JEFFREY HYSLIP and JANE
   DOE HYSLIP; and JOHN AND JANE DOES
23 1-25,
24
25                           Defendants.
26

PRAECIPE  - 1
CASE NO. 3:11−cv−05054−RJB

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

TO:     THE CLERK OF THE COURT; and
TO:     ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

     WILL THE CLERK PLEASE replace Exhibit 1 of the Declaration of Toby J. Marshall in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 178) filed on August 16, 2013, with the fully executed copy of the Class Action Settlement Agreement and Release attached hereto as <u>Exhibit 1</u>.

     RESPECTFULLY SUBMITTED AND DATED this 21st day of August, 2013.

TERRELL MARSHALL DAUDT & WILLIE PLLC

By: /s/ Erika L. Nusser, WSBA #40854
    Beth E. Terrell, WSBA #26759
    Email: bterrell@tmdwlaw.com
    Toby J. Marshall, WSBA #32726
    Email: tmarshall@tmdwlaw.com
    Jennifer Rust Murray, WSBA #36983
    Email: jmurray@tmdwlaw.com
    Erika L. Nusser, WSBA #40854
    Email: enusser@tmdwlaw.com
    936 North 34th Street, Suite 300
    Seattle, Washington  98103-8869
    Telephone:  (206) 816-6603

    Darrell W. Scott, WSBA #20241
    Email: scottgroup@mac.com
    Matthew J. Zuchetto, WSBA #33404
    Email:  matthewzuchetto@mac.com
    SCOTT LAW GROUP
    926 W Sprague Avenue, Suite 583
    Spokane, Washington 99201
    Telephone:  (509) 455-3966

    *Attorneys for Plaintiff*

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

<u>CERTIFICATE OF SERVICE</u>

I, Erika L. Nusser, hereby certify that on August 21, 2013, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following:

> Christopher G. Emch
> Email:  emchc@foster.com
> FOSTER PEPPER, PLLC
> 1111 Third Avenue, Suite 3400
> Seattle, Washington  98101
> Telephone: (206) 447-4400
> Facsimile:  (206) 749-1934

> *Attorneys for Defendants Legal Services Support Group, LLC, JEM Group Inc.,
> and Joanne and Arthur Garneau*

DATED this 21st day of August, 2013.

> TERRELL MARSHALL DAUDT & WILLIE PLLC

> By: /s/ Erika L. Nusser, WSBA #40854
> Erika L. Nusser, WSBA #40854
> Email:  enusser@tmdwlaw.com
> 936 North 34th Street, Suite 300
> Seattle, Washington  98103-8869
> Telephone:  (206) 816-6603

> *Attorneys for Plaintiff*

PRAECIPE  - 3
CASE NO. 3:11−CV−05054−RJB

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

# — EXHIBIT  1 —

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

I. RECITALS.

A. **Introduction.** This class action settlement agreement (the "Class Settlement Agreement") is entered into this fifth day of August 2013 by and among Plaintiff Rosita Smith ("Plaintiff"), individually and on behalf of the members of the proposed settlement class defined herein in Section II.A (the "Settlement Class"), and Defendants JEM Group, Inc. and Joanne Garneau, individually and on behalf of the marital community of Joanne Garneau and Arthur Garneau (collectively, the "JEM Defendants") in the matter of Smith v. JEM Group, Inc., et al., No. 3:11:CV:05054-RJB (the "Action").

B. **Purpose.** Pursuant to the terms set forth below, Plaintiff and the JEM Defendants enter into this Class Settlement Agreement to bring about a full, complete and final resolution of all claims asserted, or that could have been asserted, in the Action against the JEM Defendants by Plaintiff and the Settlement Class. The parties agree to settle the Action as it relates to the JEM Defendants pursuant to the provisions of this Class Settlement Agreement, which are set forth in detail below. Plaintiff and counsel for Plaintiff and the proposed Settlement Class ("Class Counsel") judge the Class Settlement Agreement to provide fair, reasonable, and adequate relief to the Settlement Class and to be in the best interests of the Settlement Class. The JEM Defendants agree to support preliminary and final approval of class settlement under the terms of this Class Settlement Agreement.

II. SETTLEMENT TERMS.

A. The Settlement Class.

This Class Settlement Agreement is entered into on behalf of the Settlement Class consisting of all Washington residents for whom JEM Group, Inc. agreed to provide debt adjusting services pursuant to JEM Group, Inc. Agreements or otherwise provided debt adjustment services to such residents between January 19, 2007 and the date of this Class Settlement Agreement except for those Washington residents who execute a timely and valid exclusion request in accordance with Section II.G below. The JEM Defendants represent that there are approximately 225 Washington residents who are potential members of the Settlement Class.

B. The Settlement Trust.

No later than seven days following the order preliminarily approving this Class Settlement Agreement, JEM Defendants shall pay a total of $175,000.00 (the "Settlement Amount") into the IOLTA account of The Scott Law Group P.S. (the "Settlement Trust") in settlement of all claims between the Settlement Class and the JEM Defendants in the Action. The Settlement Amount constitutes full and complete financial consideration for settlement of the claims of Settlement Class members, including claims for damage, attorneys' fees, litigation costs, class notice and claims administration

expenses, and class representative incentive award.

C. Calculation of Net Settlement Proceeds and Proportional Shares.

1.      Net Settlement Proceeds: The settlement award issued to each Settlement Class member shall be based on a calculation of that member's proportional share of the funds remaining in the Settlement Trust after deducting any Court-awarded attorneys' fees and litigation expenses, notice and claims administration costs, class representative incentive award amount, or other Court-approved amounts.  The funds remaining after all such deductions are referred to herein as the "Net Settlement Proceeds."

2.      Class Members' Pro Rata Awards: Each Settlement Class member shall be entitled to an individual award representing the member's pro rata share of the Net Settlement Proceeds.  Each Settlement Class member's pro rata share shall be calculated according to the formula A / B x C, where A represents the total fees received by JEM Group, Inc. from the Class Member, B represents the aggregate total of all such fees paid by the Settlement Class members, and C represents the Net Settlement Proceeds.  The JEM Defendants represent the total amount of fees the JEM Defendants received for all potential Settlement Class members is approximately $403,855.26.

D. Claims Administration.

1.      Claims Administrator: The Scott Law Group P.S. shall serve as the administrator of the Settlement Trust and shall, for that purpose and for the purpose of providing notice to the proposed Settlement Class, be referred to as the "Claims Administrator."

2.      Claims Data: To facilitate the distribution of Court-approved notice and settlement awards to Settlement Class members, the JEM Defendants shall provide the following information in electronic form to Class Counsel no later than 7 calendar days following the Court's entry of an order granting preliminary approval of this Class Settlement Agreement: (1) the name and last-known contact information (mailing address, email address, and phone number) of each proposed Settlement Class member; and (2) the total fees that the JEM Defendants received for each proposed Settlement Class member.

3.      Settlement Class Member Awards: The Claims Administrator shall disburse a settlement award from the Settlement Trust to each Settlement Class member no later than thirty (30) days from the Effective Date of this Class Settlement Agreement. The settlement award shall be calculated in accordance with II.C.2 above.  Individuals who timely exclude themselves from the Settlement Class shall not be entitled to any award.  Each check issued pursuant to this Class Settlement Agreement shall be void if not negotiated within one hundred twenty (120) days after its date of issue and shall contain a legend to such effect.

4.      Attorneys' Fees: Class Counsel shall, in conjunction with the hearing on

final approval of this Class Settlement Agreement, apply to the Court for an award of attorneys' fees to be paid from the Settlement Trust. The Claims Administrator shall disburse to Class Counsel from the Settlement Trust the amount of attorneys' fees awarded by the Court no later than thirty (30) days from the Effective Date of this Class Settlement Agreement.

5.      Litigation Expenses: Class Counsel shall, in conjunction with the hearing on final approval of this Class Settlement Agreement, apply to the Court for reimbursement of Class Counsels' litigation expenses to be paid from the Settlement Trust. The Claims Administrator shall disburse to Class Counsel from the Settlement Trust the amount of litigation expenses awarded by the Court no later than thirty (30) days from the Effective Date of this Class Settlement Agreement.

6.      Class Notice and Claims Administration Costs: Class Counsel shall, in conjunction with the hearing on final approval of this Class Settlement Agreement, apply to the Court for compensation and reimbursement from the Settlement Trust for class notice and claims administration expenses, including those reasonably estimated to be incurred in administering this Settlement Agreement following the hearing on final approval. The Claims Administrator shall disburse to Class Counsel from the Settlement Trust the amount awarded by the Court for such notice and claims administration costs no later than thirty (30) days from the Effective Date of this Class Settlement Agreement.

7.      Class Representative Incentive Award: Class Counsel shall apply to the Court for a $750 incentive award to Plaintiff for her service as class representative. The Claims Administrator shall disburse to Plaintiff from the Settlement Trust the amount approved and awarded by the Court as an incentive award no later than thirty (30) days from the Effective Date of this Class Settlement Agreement.

8.      Disbursement of Remainder of Settlement Fund/Cy Pres: In the event that any portion of the Net Settlement Proceeds has not been disbursed as provided for in this Class Settlement Agreement after a period of 180 calendar days has elapsed from the date on which the disbursement checks were issued by the Claims Administrator, then such remaining amounts shall be disbursed to the Northwest Justice Project for the purpose of assisting and educating Washington residents with respect to practices of the debt settlement industry and issues relating to the Washington Debt Adjusting Act.

E. Class Notice.

1.      The Parties agree to request approval of the form of notice attached hereto as Exhibit A.  The fact that the Court may require changes in the form of notice does not invalidate this Class Settlement Agreement if the changes do not materially affect the substance of the Class Settlement Agreement.

2.      Notice to the proposed Settlement Class shall be provided as ordered by the Court.  The Parties anticipate that members of the proposed Settlement Class will receive such notice directly through first class mail and also by electronic mail

using the most recent contact information available.

3.      In preparation for the issuance of notice to the proposed Settlement Class, the JEM Defendants shall provide the information set forth in Section II.D.2 to the Claims Administrator in the form of an Excel spreadsheet or similar electronic document.

4.      No later than 30 days after the entry of an order granting preliminary approval of this Class Settlement Agreement, the Claims Administrator shall issue notice to all Settlement Class members in the form and manner approved by the Court.  The date on which this notice is sent shall be deemed "the Initial Notice Mailing Date."

F. Exclusion from Class.

1. Each individual who properly files a timely written request for exclusion shall be excluded from the Settlement Class and shall have no rights under this Class Settlement Agreement.  An exclusion request shall be deemed timely if it is postmarked no later than 45 calendar days after the Initial Notice Mailing Date.

2. An exclusion request must: (i) be in writing; (ii) state the individual's current address; (iii) contain the following statement: "I/we hereby request that I/we be excluded from the proposed settlement class in the case of *Smith v. JEM Group, Inc., et al.*; (iv) be signed; and (v) be mailed to Class Counsel at the address provided in the Class Notice and postmarked within 45 calendar days from the Initial Notice Mailing Date.

3. No later than 60 calendar days after the Initial Notice Mailing Date, Class Counsel shall file and serve a declaration identifying all individuals who have made a timely and valid request for exclusion.

4. Neither Party nor their counsel shall encourage any potential member of the Settlement Class to opt-out of the Settlement.

5. If more than seven and one-half percent (7.5%) of the potential Settlement Class members timely file written requests for exclusion from the Settlement Class, then either Plaintiffs or the JEM Defendants may terminate this Class Settlement Agreement by providing notice of termination to counsel and the Court in writing within (7) days after service of Class Counsel's declaration described in paragraph II.F.3 above.

G. Objections to the Class Settlement Agreement.

1. The notice form sent to potential members of the Settlement Class shall inform them of the right to object to this Settlement Agreement.  If a person wishes to have the Court consider such an objection, the person (1) must not exclude himself or herself from the Settlement Class and (2) must file with the Court and mail to counsel for the Parties a written objection, along with any

supporting documentation that the person wishes the Court to consider, by no later than 45 calendar days from the Initial Notice Mailing Date.  If such objection is submitted and overruled by the Court, the objecting member of the Settlement Class shall remain fully bound by the terms of this Class Settlement Agreement so long as it is granted final approval by the Court.

2.  The Parties shall submit any responses to objections no later than 65 calendar days after the Initial Notice Mailing Date.

3.  Neither Party nor their counsel shall encourage any member of the Settlement Class to file an objection to this Class Settlement Agreement.

4.  Any Settlement Class member who does not appear individually or through counsel and who does not challenge or comment upon the fairness and adequacy of this Class Settlement Agreement or Class Counsel's petition for attorneys' fees and expenses shall waive and forfeit any and all rights to appear separately or object.  All members of the Settlement Class shall be bound by all the terms of this Class Settlement Agreement and by all proceedings, orders and judgments in this Action.

H. Future Business.

1.  The JEM Defendants agree to comply with Washington law including the provisions of Washington's Debt Adjusting Act, Chapter 18.28 RCW, as of the Effective Date of this Settlement Agreement.

2.  Nothing in this Settlement Agreement shall prohibit the JEM Defendants from complying with any amendment to the Washington Debt Adjusting Act.

III. RELEASE.

A.  As of the Effective Date of this Class Settlement Agreement, Plaintiff and each and every member of the Settlement Class, individually and as a Settlement Class, for themselves, their attorneys, spouses, executors, representatives, heirs, successors, and assigns, in consideration of the relief set forth in the Class Settlement Agreement, the sufficiency of which is acknowledged, will, to the extent permitted by law and subject only to the exception set forth in Section III.B below, fully and finally release the JEM Defendants, and all present and former members, officers, managers and employees, shareholders, directors, attorneys, and representatives of JEM Group, Inc., and their respective spouses, successors and assigns, from any and all past or present claims, debts, demands, causes of action, liabilities, losses, obligations, costs, fees, interest, attorneys' fees, expenses, damages, punitive damages, and injuries of every kind, nature and description that directly or indirectly relate to, or arise out of, or stem from the subject matter of this Action or any matters, transactions, occurrences, or omissions referred to in the pleadings or other papers filed or produced in this Action.  The released claims include but are not limited to statutory claims under Washington's Debt Adjusting Law (Chapter 18.28 RCW) and Consumer Protection Act (Chapter 19.86 RCW), or other state or federal statutory laws or regulations, and common

5

law claims, whether found in tort or contract. The released claims do not include any claims against other entities and individuals separate from the JEM Defendants including but not limited to front-end debt settlement companies and/or other affiliates and the owners, officers, managers, agents and representatives of such companies.  The agreement of Plaintiff and Settlement Class members to provide these releases is made, among other things, in consideration of the JEM Defendants' payment of the Settlement Amount and in reliance on the JEM Defendants' representations as to the number of potential Settlement Class members and the amount of fees received by the JEM Defendants.

B. Notwithstanding the release described herein, if any JEM Defendant violates or breaches any term of this Class Settlement Agreement, each of the JEM Defendants shall be jointly and severally liable for that violation or breach.

## IV. PRELIMINARY AND FINAL APPROVAL PROCEDURES.

A. No later than 10 calendar days after the execution of this Settlement Agreement, Class Counsel shall file a motion with the Court for a preliminary order approving the Class Settlement Agreement.

B.  The final approval hearing will be held on such date as the Court, in its discretion, may order; provided, however, that the final approval hearing date shall be at least 110 calendar days after the filing of the motion for preliminary approval of this Class Settlement Agreement.  The JEM Defendants shall comply with the CAFA Notice requirements set out in 28 U.S.C. § 1715.

C. No later than 30 calendar days prior to the Final Fairness Hearing, Class Counsel shall file a motion requesting that the Court grant final approval of the Class Settlement Agreement, including payment of attorneys' fees and expenses, and enter final judgment as to the JEM Defendants in the Action.

D. In the event the Class Settlement Agreement is not given final approval in all material respects and as set forth in this Class Settlement Agreement, or the Court's final approval order is reversed on appeal, the Class Settlement Agreement shall become null and void and all funds in the Settlement Trust shall be immediately returned to the JEM Defendants.

E. The effective date of this Class Settlement Agreement (the "Effective Date") shall be the later of either (1) the expiration of the time for filing an appeal from the Court's entry of a final judgment order (31 calendar days from entry of final judgment) or (2) if a timely appeal is made, the date of the final resolution of that appeal and any subsequent appeals resulting in final judicial approval of this Class Settlement Agreement.

## V. FINAL APPROVAL ORDER.

A. The Parties shall use their best efforts to secure the Court's issuance of a Final Approval Order. The Final Approval Order shall, among other things: A. Find

that the Court has personal jurisdiction over the Settlement Class members and that the Court has subject matter jurisdiction to approve this Class Settlement Agreement; approve the Class Settlement Agreement as fair, adequate and reasonable, and consistent and in compliance with all applicable provisions of the law; direct the Parties and their counsel to implement and consummate this Class Settlement Agreement according to its terms and provisions; and declare this Class Settlement Agreement to be binding on the Settlement Class and to have res judicata effect in all pending and future lawsuits or other proceedings encompassed by the release set forth in Section III of this Class Settlement Agreement (the "Release");

B. Find that notice substantially in the form of Exhibit A and the notice procedure implemented pursuant to this Agreement: (i) constitutes the best practicable notice; (ii) constitutes notice that is reasonably calculated, under the circumstances, to inform all potential Settlement Class members of their right to object to the proposed Class Settlement Agreement and to appear at the Final Approval Hearing; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure.

C. Dismiss the Action on the merits and with prejudice with respect to the JEM Defendants, without fees or costs to any party except as provided in this Class Settlement Agreement;

D. Incorporate the Release set forth in Section III without affecting the finality of the Final Approval Order and Judgment for the purposes of appeal; retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of this Class Settlement Agreement and the Final Approval Order, and for any other necessary purpose; and incorporate any other provisions as the Court deems necessary and justice.

## VI. MISCELLANEOUS PROVISIONS.

A. No Admission of Wrongdoing.  The Parties hereto acknowledge that the execution of this Class Settlement Agreement and the consummation of the transactions contemplated herein do not constitute any admission of liability by the JEM Defendants under state or federal law, whether or not such claims have been pled in the instant action.

B. Dismissal.  In connection with the issuance of an order granting final approval of this Class Settlement Agreement, the Parties shall present the Court with a final order of dismissal with prejudice as to the JEM Defendants and request immediate entry of that order and thereafter file a dismissal of the Action in its entirety with prejudice.

C. Continuing Jurisdiction.  The Federal District Court for the Western District of Washington, State of Washington, shall have continuing jurisdiction over this Action for the purpose of implementing this Class Settlement Agreement and all related matters, including preliminary approval of the Class Settlement

Agreement, final approval of the Class Settlement Agreement, entry of final judgment as to the JEM Defendants, and any post-judgment issues.

D.  Bankruptcy.  The JEM Defendants stipulate they do not intend to and shall not file for bankruptcy at any time in the 120 days following payment of the Settlement Trust into the IOLTA account of The Scott Law Group P.S.  If any JEM Defendant becomes party to a bankruptcy proceeding in which any portion of the Settlement Trust is recovered by a trustee or creditor, then (1) the release identified in Section III.A shall be nullified as to that JEM Defendant, (2) Plaintiff and Settlement Class members shall be entitled to pursue the full value of their claims against that JEM Defendant, and (3) each of the other JEM Defendants shall be jointly and severally liable for the full portion of the Settlement Trust recovered by a trustee or creditor.

E.  Reasonable Best Efforts.  The Parties agree to undertake their reasonable best efforts, including, without limitation, all efforts contemplated herein, to carry out the terms of this Class Settlement Agreement.  In addition to the documents and other matters specifically referenced in the Class Settlement Agreement, the Parties agree to execute and/or deliver, or cause to be executed and/or delivered, such documents and/or other materials necessary to carry out the terms and conditions of this Class Settlement Agreement, as may be reasonably necessary to effect the obligations contemplated by the Settlement Agreement.

F.  Amendments/Modifications.  Subject to any power of the Court to order a modification, this Class Settlement Agreement may be amended or modified only by a written instrument signed by each of the Parties and their respective counsel of record.  Amendment and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court.

G.  Construction.  The terms and conditions of this Class Settlement Agreement are the result of lengthy, intensive arm's-length negotiations between the Parties.  This Class Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or its counsel participated in the drafting of this Settlement Agreement.

H.  Counterparts.  This Class Settlement Agreement may be executed in counterparts and by facsimile, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

I.  Tax Consequences:  No opinions concerning the tax consequences of the proposed settlement to individual Class Members are given by the JEM Defendants, Plaintiff, or Class Counsel, nor are any representations in this regard made by virtue of this Class Settlement Agreement.  Each Class Member's tax obligations, if any, and the determination thereof, are the sole responsibility of the Class Member, and the tax consequences, if any, depend on the particular circumstances of each individual Class Member.

J.  Governing Law:  This Class Settlement Agreement shall be governed by, and interpreted according to, the law of the State of Washington without regard to its

choice of law provisions.

K.  Parties Bound:  This Class Settlement Agreement shall be binding upon and inure to the benefit of Plaintiff, the Settlement Class, and the JEM Defendants, and the respective heirs, successors and assigns of each of the foregoing.

L.  Waiver:  The waiver by any Party of any breach of this Settlement Agreement shall not be deemed or construed as a waiver of any other breach, whether prior or subsequent to, or contemporaneous with, this Class Settlement Agreement.

THE PARTIES HEREBY AGREE TO THE ABOVE SETTLEMENT
AGREEMENT BY THE FOLLOWING SIGNATURES:

For Plaintiff and the Settlement Class:

Rosita Smith

Date: Aug. 12, 2013

THE SCOTT LAW GROUP, P.S.

By: _____
Matthew J. Zuchetto, WSBA #33404

TERRELL MARSHALL DAUDT & WILLIE PLLC

By: _____
Toby J. Marshall, WSBA #32726

*Attorneys for Plaintiff*

For Defendant JEM Group, Inc.:

By: _____

Date: _____

9

interpreted according to, the law of the State of Washington without regard to its choice of law provisions.

K.  Parties Bound:  This Class Settlement Agreement shall be binding upon and inure to the benefit of Plaintiff, the Settlement Class, and the JEM Defendants, and the respective heirs, successors and assigns of each of the foregoing.

L.  Waiver:  The waiver by any Party of any breach of this Settlement Agreement shall not be deemed or construed as a waiver of any other breach, whether prior or subsequent to, or contemporaneous with, this Class Settlement Agreement.

THE PARTIES HEREBY AGREE TO THE ABOVE SETTLEMENT AGREEMENT BY THE FOLLOWING SIGNATURES:

For Plaintiff and the Settlement Class:

_____

Rosita Smith

Date:_____

THE SCOTT LAW GROUP, P.S.

By:_____

Matthew J. Zuchetto, WSBA #33404

TERRELL MARSHALL DAUDT & WILLIE PLLC

By:_____

Toby J. Marshall, WSBA #32726

*Attorneys for Plaintiff*

For Defendant JEM Group, Inc.:

By:_____

Date: AUGUST 12, 2013

For Defendant Joanne Garneau:

Joanne Garneau

Date: _____August 12, 2013_____

WILLIAM R. MITCHELL, INC.

By: _____

William R. Mitchell
Attorney for JEM Defendants

Date: _____8-13-13_____

10

# — EXHIBIT  A —

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON

# IF YOU ARE A RESIDENT OF THE STATE OF WASHINGTON FOR WHOM JEM GROUP, INC. AGREED TO PROVIDE DEBT ADJUSTING SERVICES, YOU COULD BE ENTITLED TO PAYMENT FROM A CLASS ACTION SETTLEMENT.

*A court authorized this notice.  This is not a solicitation from a lawyer.*

- A Washington consumer ("Plaintiff") filed a complaint against Defendants JEM Group, Inc., and Joanne Garneau (the "JEM Defendants") alleging violations of Washington's Debt Adjusting Statute and Consumer Protection Act.  In the complaint, Plaintiff seeks to represent a Class comprised of all Washington residents for whom JEM Group, Inc. agreed to provide debt adjusting services pursuant to JEM Group, Inc. Agreements between January 19, 2007 and the date of the Class Settlement Agreement, except for those Washington residents who execute a timely and valid exclusion request (the "Class"). The JEM Defendants deny Plaintiff's claims and deny liability to any proposed member of the Class.

- A proposed Class Settlement with the JEM Defendants has now been achieved in that action.  The settlement establishes a Class Settlement Fund from which eligible Class Members will receive monetary awards.  Plaintiff and the JEM Defendants arrived at this settlement before the claims or defenses were tried on the merits.  Accordingly, there has been no finding whether the JEM Defendants violated any law in its conduct toward Plaintiff or members of the Class.

- Plaintiff and Plaintiff's attorneys ("Class Counsel") have investigated the facts and the applicable law regarding the claims brought against the JEM Defendants in the lawsuit.  The issues before the Court are complex and there is uncertainty as to the outcome of the claims against the JEM Defendants.  Therefore, Plaintiff and Class Counsel have judged the Class Settlement with the JEM Defendants to be fair, adequate, reasonable, and in the best interests of the Class.  The Court, further, has now made a preliminary determination that the Class Settlement with the JEM Defendants is within the range of reasonableness such that Class Members should be given notice of the proposed Class Settlement and hearing should be held to determine whether the Class Settlement should be given final approval.

- Your legal rights are affected whether you act or don't act.  <u>Please read this notice carefully</u>.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | Remain in the Class, receive any payment you are entitled to under the Class Settlement, and give up any rights to sue the JEM Defendants separately about the same legal claims alleged in this case. |
| **EXCLUDE YOURSELF** | Exclude yourself from the Class and receive no payment under the Class Settlement.  This option allows you to sue or maintain a separate suit against the JEM Defendants concerning the same legal claims alleged in this case. |
| **OBJECT** | If you don't like the Settlement, you may explain your objection in writing to the Court. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. |

- Your rights and options—**and the deadlines to exercise them**—are explained in this notice.  To ask to be excluded, you must act before _____, **2013**.

Notice of Class Settlement - Page 1 of 6

- The Court in charge of this case has to decide whether to give final approval to the Class Settlement. Payments will be made to Class Members if the Court gives final approval.

# BASIC INFORMATION

| 1. | Why did I get this notice? |
|----|----------------------------|

The records of JEM Group, Inc. ("JEM") show that you entered into a contract with a company for whom JEM agreed to provide debt adjusting services. This Notice explains that the Court has conditionally allowed, or "certified," a settlement class that may affect you. You have legal rights and options that you may exercise before the Court holds a Final Fairness Hearing. Judge Robert J. Bryan of the United States District Court, Western District of Washington is overseeing this class action. The lawsuit is known as *Smith v. JEM Group, Inc., et al,* Case No. 3:11-cv-05054-RJB.

| 2. | What is this lawsuit about? |
|----|------------------------------|

This lawsuit involves allegations that the JEM Defendants violated Washington's Debt Adjusting Statute and Consumer Protection Act by charging unlawful fees. The lawsuit seeks recovery for Washington consumers of fees paid to the JEM Defendants in addition to other relief. You can read Plaintiffs' Class Action Complaint at www.thescottlawgroup.com/JEM. The JEM Defendants do not admit to any wrongdoing and deny liability to the Class.

| 3. | What is a class action and who is involved? |
|----|---------------------------------------------|

In a class action, persons called "Plaintiffs" or "Class Representatives" (in this case Rosita Smith) commence a lawsuit on behalf of themselves and other people having similar claims. Plaintiffs and the people they sue on behalf of are referred to as the Class. The parties sued (in this case the JEM Defendants) are called the Defendants. One court resolves the case for all members of the Class (except for those who choose to exclude themselves from the Class).

The Court has preliminarily decided that this lawsuit can proceed as a class action for purposes of settlement. If this proposed Class Settlement with the JEM Defendants is not finally approved, or is withdrawn at any time, Plaintiff and the JEM Defendants have agreed to withdraw their stipulation for conditional class certification and to return the lawsuit to the same status as before the Class Settlement was signed.

| 4. | What is a Class Settlement? |
|----|------------------------------|

In a Class Settlement, the Court does not rule in favor of one side or the other. Instead, the parties (here, Plaintiff and the JEM Defendants) negotiate and agree to a settlement that they consider fair to everyone involved. Through Class Settlement the parties avoid the costs, risks, and delays of a trial and the members of the Class receive settlement compensation. In this case, a Class Settlement has been negotiated that Plaintiff believes is in the best interest of themselves and all other Class Members.

PRAECIPE - 18
Case No. 3:11−cv−05054−RJB

| 5. | How do I know if I am part of the Class Settlement? |
|----|-----|

The Class Settlement involves all members of the Class.  The Class consists of the following people:  *All Washington residents for whom JEM Group, Inc. agreed to provide debt adjusting services pursuant to JEM Group, Inc. Agreements or otherwise provided debt adjustment services to such residents between January 19, 2007 and the date of this Class Settlement Agreement except for those Washington residents who execute a timely and valid exclusion request.*

# THE SETTLEMENT BENEFITS – WHAT CLASS MEMBERS GET

| 6. | What benefits does the Class Settlement achieve? |
|----|-----|

The JEM Defendants have agreed to pay a total of $175,000.00 (the "Class Settlement Fund") in settlement of the claims against them.  Awards to individual Class Members from the Class Settlement Fund will be based on the fees the individual Class Member paid to the JEM Defendants.  Each eligible Class Member will receive a pro rata award from the Class Settlement Fund of the fees that member paid to the JEM Defendants.  If approved by the Court, the Class Settlement Fund will also be used to pay court-approved attorneys' fees and expenses (including litigation costs, expenses of notice and settlement administration expenses), and to pay an incentive award to Representative Plaintiff in the amount of $750.  While the amount of a Class Member's individual award is not yet fixed, it is presently anticipated that after Court-approved deductions, the Class Settlement Fund will be sufficient to award eligible Class Members roughly thirty percent (30%) of the fees received by the JEM Defendants.

 In addition, the JEM Defendants agree to comply with Washington law, including the provisions of Washington's Debt Adjusting Act, Chapter 18.28 RCW.

More details are in a document called the Settlement Agreement, which is available for your inspection at www.thescottlawgroup.com/JEM.

| 7. | How do I participate in the Class Settlement and receive an award? |
|----|-----|

You don't have to do anything if you wish to participate in this Class Settlement and receive your award.  By doing nothing you remain a Class Member.  If the Class Settlement receives final approval by the Court you will receive by mail your pro-rata distribution from the Class Settlement Fund as described above.

| 8. | If I remain in the Class and participate in the Class Settlement, can I then sue the JEM Defendants for the same thing later? |
|----|-----|

No.  If you remain in the Class you give up the right to sue the JEM Defendants for the claims that this settlement resolves.  If you have a pending lawsuit against the JEM Defendants, you should speak to your lawyer in that lawsuit immediately.  The JEM Defendants are JEM Group, Inc., and Joanne Garneau.

PRAECIPE - 19
Case No. 3:11−cv−05054−RJB

# EXCLUDING YOURSELF FROM THE CLASS SETTLEMENT

| 9. | How do I exclude myself from the Class Settlement, if I wish to do so? |
|---|---|

If you don't want to participate in the Class Settlement and wish to keep a right to sue or continue to sue the JEM Defendants in a separate suit, then you must exclude yourself from the Class Settlement and do so no later than _____, 2013.

To exclude yourself from the Class Settlement, you must send a written request by mail stating that you want to be excluded from the Settlement Class.  The Request for Exclusion must:  (1) be in writing; (2) be signed by you; (3) state your current address (and former address if different from the address to which the Class Notice was addressed); and (4) contain the following statement:

> I/we hereby request that I/we be excluded from the proposed settlement class in case of *Smith v. JEM Group, Inc., et al.*

If you wish to exclude yourself from the Settlement Class, you must mail your signed request for exclusion to the following address:

> The Scott Law Group, P.S.
> 926 W. Sprague Avenue, Suite 680
> Spokane, WA  99201

To be timely, any request for exclusion must be postmarked no later than _____, 2013.

| 10. | If I exclude myself, can I get money from this Class Settlement? |
|---|---|

No.  If you exclude yourself, you are not eligible for any of the benefits of this Class Settlement.

# THE LAWYERS REPRESENTING YOU

| 11. | Do I have a lawyer in this case? |
|---|---|

The Court has appointed the following attorneys as Class Counsel: Matthew J. Zuchetto of The Scott Law Group, P.S., and Toby J. Marshall of Terrell Marshall Daudt & Willie PLLC.  As Class Counsel, these attorneys represent all members of the Class.  Information about The Scott Law Group is available at www.thescottlawgroup.com; information about Terrell Marshall Daudt & Willie is available at www.tmdwlaw.com.  You will not be individually charged any attorney fees by Class Counsel.  If you want to be represented by your own separate lawyer, you may hire one at your own expense.

| 12. | How will the lawyers be paid? |
|---|---|

Class Counsel will ask the Court for an award of attorneys' fees and reimbursement of expenses at the time of the Final Fairness Hearing.  The Court will determine the amount of fees that should be awarded and the costs that should be reimbursed.  The Court's award of fees and costs will be paid from the Class Settlement Fund.

# OBJECTING TO THE SETTLEMENT

| 13. | If I remain a Class Member and don't like the Settlement, how do I tell the Court? |
|---|---|

If you remain a Class Member and do not exclude yourself and you don't like the Class Settlement, you can object and tell the Court why you think the settlement should not be approved.  To object, you must send a letter saying that you object to the Class Settlement in *Smith v. JEM Group, Inc., et al.*  Be sure to include your name, address, telephone number, and your signature.  You must provide proof that you are a member of the Class and provide a statement of your objection, grounds for the objection, and any other reasons why you desire to be heard.  You may include any legal support you wish to bring to the Court's attention and you may attach evidence, documents or writings that you wish to introduce in support of your written objection.  All objections must be mailed, postmarked no later than _____, 2013, to each of the following places:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Western District of Washington<br>1717 Pacific Avenue, Room 3100<br>Tacoma, WA  98402-3200 | Matthew J. Zuchetto<br>The Scott Law Group, P.S.<br>926 W. Sprague Ave., Suite 680<br>Spokane, WA 99201 | William R. Mitchell<br>William R. Mitchell, Inc.<br>31351 Rancho Viejo Rd., Ste. 202<br>San Juan Capistrano, CA  92675 |

# THE COURT'S FAIRNESS HEARING

The Court will hold a Final Fairness Hearing to decide whether to approve the settlement.  You may attend the hearing and you may ask to speak, but you don't have to.

| 14. | When and where will the Court decide whether to approve the Class Settlement? |
|---|---|

The Court will hold a Final Fairness Hearing at _____ p.m. on _____, _____, 2013, at the United States District Court, Western District of Washington, 1717 Pacific Avenue, Tacoma, Washington, in Courtroom 3100.  At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  Judge Bryan will listen to any Class Members who have asked to speak at the hearing.  The Court may also hear and decide Class Counsel's request for attorneys' fees and reimbursement of costs, and whether to approve an incentive award to the Class Representative.

| 15. | Do I have to come to the hearing? |
|---|---|

No.  Class Counsel will answer questions Judge Bryan may have.  But, you are welcome to come at your own expense.  If you submitted an objection, you don't have to come to Court to talk about it.  As long as you mailed your objection on time, the Court will consider it.  You may pay your own lawyer to attend, but it is not necessary.

| 16. | May I speak at the hearing? |
| --- | --- |

You may ask the Court for permission to speak at the Final Fairness Hearing.  To do so, you must send a letter stating your "Notice of Intention to Appear in *Smith v. JEM Group, Inc., et al.*"  Be sure to include your name, address, telephone number, and your signature.  Your Notice of Intention to Appear must be postmarked no later than _____, **2013**, and must be sent to the Clerk of the Court, and the Settlement Administrator, at the three addresses given in Question 13 of this Notice.  You cannot speak at the hearing if you have excluded yourself from the Class.

# GETTING MORE INFORMATION

| 17. | Are more details available? |
| --- | --- |

This Notice briefly summarizes the proposed Class Settlement.  Class Counsel has established a website for the benefit of Class Members where more details can be learned.  To learn more you may visit www.thescottlawgroup.com/JEM.  You will find copies of important documents on that site such as the complete Class Settlement Agreement, the Court's Order Preliminarily Approving Settlement and the Class Action Complaint and JEM Defendants Answer to Complaint

You may also speak to Class Counsel or their staff by calling 1-888-955-3966.  You may also email Class Counsel at scottgroup@me.com, or write to Class Counsel at:

> The Scott Law Group, P.S.
> 926 W. Sprague Avenue, Suite 680
> Spokane, WA  99201

DATE: _____, 2013