
THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROSITA H. SMITH, individually and on behalf of all similarly situated Washington State Residents,<br><br>Plaintiff,<br><br>v.<br><br>LEGAL HELPERS DEBT RESOLUTION, LLC, a Nevada limited liability company; LEGAL SERVICES SUPPORT GROUP, LLC, a Nevada corporation; JEM GROUP, INC., a Nevada corporation; MARSHALL BANKS, LLC, a California company; JOANNE GARNEAU, individually and on behalf of the marital community of JOANNE GARNEAU and ARTHUR GARNEAU; JASON SEARNS, individually and on behalf of the marital community of JASON SEARNS and JANE DOE SEARNS; THOMAS G. MACEY, individually and on behalf of the marital community of THOMAS G. MACEY and JANE DOE MACEY; and JEFFREY ALEMAN, individually and on behalf of the marital community of JEFFREY ALEMAN and JANE DOE ALEMAN; JEFFREY HYSLIP, individually and on behalf of the marital community of JEFFREY HYSLIP and JANE DOE HYSLIP; and JOHN AND JANE DOES 1-25,<br><br>Defendants. | NO. 3:11−cv−05054−RJB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 1
CASE NO. 3:11−CV−05054−RJB

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

WHEREAS, on September 10, 2013, this Court entered its Order Granting Preliminary Approval of Class Action Settlement (Dkt. No. 181) (the "Preliminary Approval Order"); and

WHEREAS, individual notice complying with Fed. R. Civ. P. 23 was sent to the last-known address of each reasonably identifiable member of the Settlement Class, and where follow-up procedures outlined in the Settlement Agreement and approved by the Preliminary Approval Order have been completed; and

WHEREAS, a fairness hearing on final approval of the settlement was held before the Court on December 12, 2013; and

WHEREAS, the Court, being advised, finds that good cause exists for entry of the below Order; now, therefore,

IT IS HEREBY FOUND, ORDERED, ADJUDGED AND DECREED THAT:

1. Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in the Settlement Agreement attached as <u>Exhibit 1</u> to the Praecipe filed at Dkt. No. 180 and/or Plaintiff's Motion for Preliminary Approval (Dkt. No. 177).

2. The Court finds that notice to the Settlement Class has been completed in conformity with the Preliminary Approval Order. The Court finds that this notice was the best notice practicable under the circumstances, that it provided due and adequate notice of the proceedings and of the matters set forth therein, and that it fully satisfied all applicable requirements of law and due process.

3. The Court finds that notice of the Settlement Agreement has been provided to the United States Attorney General and the Washington State Attorney General in accordance with 28 U.S.C. § 1715.

4. The Court finds it has personal and subject matter jurisdiction over all claims asserted in this Litigation with respect to all members of the Settlement Class.

5. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court certifies for settlement purposes only the following Settlement Class: "All Washington

ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 2
CASE NO. 3:11−CV−05054−RJB

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

residents for whom JEM Group, Inc. agreed to provide debt adjusting services pursuant to JEM Group, Inc. Agreements or otherwise provided debt adjustment services to such residents between January 19, 2007 and August 5, 2013."

6. In connection with this conditional certification, the Court makes the following findings:

(a) The Settlement Class is so numerous that joinder of all members is impracticable;

(b) There are questions of law or fact common to the Settlement Class for purposes of determining whether this settlement should be approved;

(c) Plaintiff's claims are typical of the claims being resolved through the proposed settlement;

(d) Plaintiff is capable of fairly and adequately protecting the interests of the Settlement Class members in connection with the proposed settlement;

(e) For purposes of determining whether the settlement is fair, reasonable and adequate, common questions of law and fact predominate over questions affecting only individual Settlement Class members. Accordingly, the Settlement Class is sufficiently cohesive to warrant settlement by representation; and

(f) For purposes of settlement, certification of the Settlement Class is superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class members.

7. The Court has appointed Rosita Smith as representative of the Settlement Class.

8. The Court has appointed Darrell Scott and Matthew Zuchetto of The Scott Law Group, P.S. and Toby Marshall and Erika Nusser of Terrell Marshall Daudt & Willie PLLC as counsel for the Settlement Class.

9. No Settlement Class member has lodged an objection to the Settlement.

ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 3
CASE NO. 3:11−CV−05054−RJB

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

10.     The terms set forth in the Settlement are approved as being fair, adequate, and reasonable in light of the degree of recovery obtained in relation to the risks faced by the Settlement Class in litigating the claims.  The Settlement Class is properly certified as part of the settlement.  The relief provided to the Settlement Class under the Settlement Agreement is appropriate as to the individual members of the Settlement Class and as a whole.

11.     The Court approves the payment of $52,500 in fees and $6,914.27 in litigation costs and claims administrations expenses to Class Counsel as fair and reasonable based on the lodestar and percentage-of-the-fund methods, which courts use to determine the reasonableness of fees.  The Court reaches this conclusion after analyzing (1) the number of hours Class Counsel reasonably expended on the litigation multiplied by counsel's reasonable hourly rates; (2) the substantial financial recovery for Settlement Class members (3) the diligent and efficient effort utilized by Class Counsel in litigating Plaintiff's claims; (4) Class Counsel's substantial experience in complex litigation and skill utilized to achieve the Settlement; and (5) the hurdles to certifying the Settlement Class and proving liability and damages at trial.

12.     The Court approves the incentive payment of $750 to Plaintiff Rosita Smith.  This award reasonably compensates Plaintiff Smith for her time and effort in stepping forward to serve as proposed class representative, assisting in the investigation, keeping abreast of the litigation, and reviewing and approving the proposed settlement terms after consulting with Class Counsel.

13.     The Settlement is binding on all Settlement Class members.

14.     Each member of the Settlement Class shall be entitled to receive a pro rata share of the Net Settlement Proceeds as set forth in the respective Settlement Agreement.  Any Settlement Class Member who fails to cash or deposit a disbursement check issued to that member after a period of 180 calendar days has elapsed from the date on which the disbursement check was issued will not receive a share of relevant Net Settlement Proceeds but will be bound nevertheless by the terms of the Settlement Agreement.

ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 4
CASE NO. 3:11−CV−05054−RJB

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

15. All Settlement Class Members are bound by the terms of the Settlement Agreement with the JEM Defendants. As of that Settlement Agreement's Effective Date, all Settlement Class Members shall conclusively be deemed to have irrevocably released, relinquished, and forever discharged all claims against all released entities and individuals as set forth in the Settlement Agreement. The Settlement Agreement with the JEM Defendants provides: "As of the Effective Date of this Settlement Agreement, Plaintiff and each and every member of the Settlement Class, individually and as a Settlement Class, for themselves, their attorneys, spouses, executors, representatives, heirs, successors, and assigns, in consideration of the relief set forth in the Class Settlement Agreement, the sufficiency of which is acknowledged, will, to the extent permitted by law and subject only to the exception set forth in Section III.B below, fully and finally release the JEM Defendants, and all present and former members, officers, managers and employees, shareholders, directors, attorneys, and representatives of JEM Group, Inc., and their respective spouses, successors and assigns, from any and all past or present claims, debts, demands, causes of action, liabilities, losses, obligations, costs, fees, interest, attorneys' fees, expenses, damages, punitive damages, and injuries of every kind, nature and description that directly or indirectly relate to, or arise out of, or stem from the subject matter of this Action or any matters, transactions, occurrences, or omissions referred to in the pleadings or other papers filed or produced in this Action. The released claims include but are not limited to statutory claims under Washington's Debt Adjusting Law (Chapter 18.28 RCW) and Consumer Protection Act (Chapter 19.86 RCW), or other state or federal statutory laws or regulations, and common law claims, whether found in tort or contract."

16. Neither this Order nor any aspect of the Settlement Agreement is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of the JEM Defendants. Each of the Parties to the settlement entered into the Settlement Agreement

ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 5
CASE NO. 3:11−CV−05054−RJB

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1  with the intention to avoid further disputes and litigation with the attendant inconvenience and
2  expenses.

3      17.    This Court hereby dismisses this action with prejudice as to all Settlement Class
4  members.

5      18.    The Clerk shall enter final judgment dismissing with prejudice all claims against
6  the following Defendants: JEM Group, Inc., and Joanne Garneau, individually and on behalf of
7  the marital community of Joanne Garneau and Arthur Garneau.  This dismissal shall be without
8  costs or attorneys' fees to any Party.

9      19.    The dismissal of the claims against the JEM Defendants is without prejudice to
10 the rights of the Parties to enforce the terms of the Settlement Agreement and the rights of
11 Class Counsel to seek the payment of fees and costs as provided for in the Settlement
12 Agreement.  Without affecting the finality of this Order, or the judgment to be entered pursuant
13 hereto, in any way, the Court retains jurisdiction over the claims against the JEM Defendants
14 for purposes of resolving any disputes that may arise under the Class Settlement Agreement.

15     20.    The dismissal of the claims against the JEM Defendants is without prejudice to
16 the rights of Plaintiff and Settlement Class members to pursue claims against the non-settling
17 Defendants in this action, including Legal Services Support Group, LLC.

18 DONE IN OPEN COURT this 12th day of December, 2013.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 6
CASE NO. 3:11−CV−05054−RJB

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

RESPECTFULLY PRESENTED BY AND DATED this 9th day of December, 2013.

TERRELL MARSHALL DAUDT & WILLIE PLLC

By: /s/ Toby J. Marshall, WSBA #32726
    Beth E. Terrell, WSBA #26759
    Email: bterrell@tmdwlaw.com
    Toby J. Marshall, WSBA #32726
    Email: tmarshall@tmdwlaw.com
    Jennifer Rust Murray, WSBA #36983
    Email: jmurray@tmdwlaw.com
    Erika L. Nusser, WSBA #40854
    Email: enusser@tmdwlaw.com
    936 North 34th Street, Suite 300
    Seattle, Washington 98103-8869
    Telephone: (206) 816-6603

    Darrell W. Scott, WSBA #20241
    Email: scottgroup@mac.com
    Matthew J. Zuchetto, WSBA #33404
    Email: matthewzuchetto@mac.com
    SCOTT LAW GROUP
    926 W Sprague Avenue, Suite 583
    Spokane, Washington 99201
    Telephone: (509) 455-3966

*Attorneys for Plaintiff*

ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT - 7
CASE NO. 3:11−CV−05054−RJB

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com